Becky CHAMBERS, Plaintiff–Appellant,

v.

AMERICAN TRANS AIR, INCORPO-
RATED, Defendant–Appellee.

No. 93–1057.

United States Court of Appeals,
Seventh Circuit.

Submitted Feb. 23, 1993.
Decided March 31, 1993.

Gordon B. Dempsey, Indianapolis, IN,
for plaintiff-appellant.

Gregory J. Utken, Cherry Cox, Baker &
Daniels, Indianapolis, IN, for defendant-
appellee.

Before POSNER, RIPPLE, and
ROVNER, Circuit Judges.

POSNER, Circuit Judge.

We asked the parties to brief the ques-
tion whether this appeal should be dis-
missed for want of appellate jurisdiction.

Within ten days after the entry of judg-
ment for the defendant (appellee in this
court), the plaintiff (appellant in this court)
filed a Rule 59 motion for a new trial or in
the alternative to alter or amend the judg-
ment and also a Rule 60(b) motion for relief
from the judgment. At about the same
time, the defendant filed under Rule 11 a
motion for sanctions against the plaintiff or
her counsel. On October 20, 1992, the dis-
trict judge issued an opinion responding to
all these motions. The opinion states that
the judge "will deny" the plaintiff's mo-
tions and "will impose" sanctions against
the plaintiff's counsel, and fixes a briefing
schedule for determining the amount of
sanctions, adding that "the rulings dis-
cussed herein will be issued in a separate
final order pursuant to Rule 58 of the
Federal Rules of Civil Procedure after the
court considers the amount of sanctions
sought by [the defendant]." On December

2, the judge entered an order (which was docketed on December 4) awarding the defendant sanctions in a specified amount but making no reference to the plaintiff's motions. The plaintiff's notice of appeal from the underlying judgment against her was filed on January 4, 1993. On January 8, in response to a request by the plaintiff's counsel, the judge entered an order, captioned "Judgment Pursuant to Nunc Pro Tunc Entry," which refers to the order of December 2 and then enters judgment "nunc pro tunc" denying the plaintiff's Rule 59 and 60 motions.

The appeal is timely, and we therefore have jurisdiction, if the plaintiff's Rule 59 motions, which tolled the time for appeal, were denied on December 4, but not if they were denied on October 20, when the judge said he "will deny" them. The "nunc pro tunc" judgment adds nothing, because a judge cannot affect the timeliness of an appeal by backdating his orders. *Transamerica Ins. Co. v. South*, 975 F.2d 321, 325–26 (7th Cir.1992). The fact that whatever judgment is contained in the judge's opinion of October 20 was not entered on a separate piece of paper, as Rule 58 of the civil rules requires for final judgments, is of no moment either. An order denying a Rule 59 motion, though "final" in the sense that it winds up the proceedings in the district court and thus clears the way for an appeal, *In re Grabill Corp.*, 983 F.2d 773, 776 (7th Cir.1993), is not we think the "final judgment" in the case within the meaning of Rule 58. Rather, it renders the final judgment, presumably entered in accordance with Rule 58, that the movant was seeking to change or set aside an *appealable* final judgment. Cf. *id.* at 776; *In re Shah*, 859 F.2d 1463 (10th Cir. 1988) (per curiam). There is no requirement in this circuit that the order denying the motion comply with Rule 58. *EEOC v. Gurnee Inns, Inc.*, 956 F.2d 146, 148 (7th Cir.1992); *Charles v. Daley*, 799 F.2d 343, 347 (7th Cir.1986). The qualification "in this circuit" is important, because the First Circuit, in a recent en banc opinion, concluded after careful examination of the issue that Rule 58 applies to all appealable orders, including post-judgment orders. *Fiore v. Washington County Community Mental Health Center*, 960 F.2d 229 (1st Cir.1992) (en banc).

The question is thus whether the district judge's opinion of October 20 or his order of December 2 is the order denying the plaintiff's Rule 59 motions and hence starting the 30–day period for an appeal running. The opinion makes clear that the judge considered the motions to be without merit, and the December 2 order does not refer to the motions; these are indications that the October 20 opinion was the order denying the motions. But the opinion itself negates any such interpretation, not only by stating that "the rulings discussed herein will be issued in a separate final order" but also by adding that "a final order on the issues addressed in this entry is not made at this time, and when issued, it will include the amount of sanctions." It is possible that the judge meant to refer only to his rulings on the defendant's motion for sanctions, but he did not say this, and we do not think an appellant should lose his (in this case her) right of appeal because of what the judge may have thought but did not say. The better interpretation of the confusing sequence of documents is, therefore, as the plaintiff understood, that the denial of her motions was tentative until the judge issued an order fixing the amount of sanctions. Hence the appeal was timely taken, and we shall not dismiss it. Cf. *United States v. Indrelunas*, 411 U.S. 216, 93 S.Ct. 1562, 36 L.Ed.2d 202 (1973) (per curiam); *EEOC v. Gurnee Inns, Inc., supra*, 956 F.2d at 148–49.

As this case illustrates, district judges must take care, in crafting post-judgment orders, to avoid creating ambiguities concerning the finality and hence appealability of the orders. Such ambiguities create additional work for litigants and for this court; worse, they can deprive litigants of their right to appellate review of adverse judgments. An equal responsibility rests on counsel to seek clarification of ambiguous orders in order to protect their clients' appeal rights.