**REVISED**

**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 95-21081

_____

JERRY BAKER, ET AL.,

Plaintiffs,

JERRY BAKER,

Plaintiff-Appellant,

versus

MERCEDES BENZ OF NORTH AMERICA;
DAIMLER BENZ AG,

Defendants-Appellees.

_____

Appeal from the United States District Court
For the Southern District of Texas

_____

May 21, 1997

Before POLITZ, Chief Judge, SMITH and DUHÉ, Circuit Judges.

POLITZ, Chief Judge:

This matter involves the timeliness of an appeal from adverse rulings on motions for summary judgment in a personal injury case. Because the trial court refused to enter a separate document judgment as Rule 58 requires, we must vacate and remand.

**BACKGROUND**

Jerry Baker used a friend's 1985 Mercedes Benz 380 SE to go to a store to buy cigarettes. During the trip he alleges that the Mercedes 380 SE suddenly and unexpectedly accelerated uncontrollably.[1] Baker lost control of the vehicle and struck a utility pole,

---

[1]Mercedes contests this allegation, but on a motion for summary judgment the nonmovant's evidence is to be believed and all justifiable inferences are to be

sustaining serious injuries.

The wrecked Mercedes apparently went to a junk dealer who disposed of the front end. Sometime thereafter Baker sued Mercedes Benz and its German counterpart, Daimler-Benz, under Texas law for breach of warranty, negligence, and strict products liability. Because the front end of the car was not available, neither Baker nor the Mercedes defendants had an opportunity to examine the vehicle for defects. This absence of evidence is vital to the motions of Mercedes for summary judgment filed in October of 1994 and in September 1995, motions which form the basis of this appeal.

Upon initial consideration the trial judge granted the October 1994 motion as to the breach of warranty[2] and negligence claims,[3] but denied it as to the products liability claim on the grounds that Mercedes failed to respond to Baker's proffered circumstantial evidence regarding defects present in the automobile. The court later memorialized these findings and orders in a June 1995 memorandum opinion and order.

In September 1995 Mercedes moved to exclude Baker's expert testimony regarding a defect in the vehicle, and reurged its motion for summary judgment on the products liability claim. The district court excluded Baker's expert under the holding of **Daubert v. Merrell Dow Pharmaceuticals, Inc.**[4] and granted summary judgment on the products liability claim on the grounds that Baker had failed to show that the car was defective as defined by

---

drawn in his favor. **Eastman Kodak Co. v. Image Technical Servs., Inc.**, 504 U.S. 451 (1992). The court accepts as true Baker's summary judgment assertions.

[2]The district judge found that Baker had offered no evidence of either an express or implied warranty upon which he relied.

[3]Baker's negligence claim invokes res ipsa loquitur. The district judge dismissed this claim, finding that Baker failed to produce evidence of some res ipsa loquitur elements.

[4]509 U.S. 579 (1993).

Restatement (Second) of Torts § 402A.

The court signed the memorandum opinion and order excluding Baker's expert and granting the summary judgment on the products liability claim on October 31, 1995. That writing concluded with the statement, "This is a final judgment." On November 22 Baker filed an untimely motion to reconsider, but before the court ruled thereon he filed a "Motion for Leave to Late-File the Notice of Appeal Based on Excusable Neglect." On December 26, 1995, the court affirmed its October 1995 order and denied Baker leave to file a late notice of appeal.

On January 8, 1996, Baker moved the court to set aside its December 26 order and requested a separate document judgment under Federal Rule of Civil Procedure 58,[5] asserting that confusion relating to the absence of a separate document judgment caused his delay in moving for reconsideration of the October 31 order. The district court denied Baker's requests on January 11, 1996, and on January 25, 1996, Baker filed a notice of appeal.

## ANALYSIS

Our threshold consideration is whether we have jurisdiction over this appeal. That jurisdiction requires a final and appealable order that complies with Rule 58. In early cases

---

[5]Rule 58 provides, in pertinent part, as follows:

> Subject to the provisions of Rule 54(b): (1) upon a general verdict of a jury, or upon a decision by the court that a party shall recover only a sum certain or costs or that all relief shall be denied, the clerk, unless the court otherwise orders, shall forthwith prepare, sign, and enter the judgment without awaiting any direction by the court; (2) upon a decision by the court granting other relief, or upon a special verdict or a general verdict accompanied by answers to interrogatories, the court shall promptly approve the form of the judgment, and the clerk shall thereupon enter it. *Every judgment shall be set forth on a separate document. A judgment is effective only when so set forth and when entered as provided in Rule 79(a).*

FED. R. CIV. P. 58 (emphasis added).

we held that Rule 58 had to be applied mechanically. Judgments had to be on a document separate and apart from any other order or memorandum opinion.[6] This was in accordance with a mandate from the Supreme Court.[7]

In 1977 the Supreme Court revisited Rule 58 in **Bankers Trust Co. v. Mallis,**[8] involving an appeal under 28 U.S.C. § 1291, which provides that the courts of appeals have appellate jurisdiction over "final decisions" of the district courts. **Mallis** focused on whether a decision of the district court can be a "final decision" when it does not conform to Rule 58's separate document requirement.

Neither party in **Mallis** was concerned with the absence of a separate document judgment because both assumed that the order dismissing the case was appealable. In that circumstance, the Court stated that the parties were free to waive Rule 58's requirements and proceed with the appeal; therefore a document that fails to comply fully with Rule 58 in the right circumstances can be a "final decision" for appellate jurisdiction purposes. Otherwise, however, "[t]he 1963 amendment to Rule 58 made clear that a party need not file a notice of appeal until a separate judgment has been filed and entered."[9] Rule 58 is thus a safety valve preserving a litigant's right to appeal in the absence of a separate document judgment.

**Mallis** teaches that where the parties voluntarily proceed on appeal from an otherwise final and appealable order but lack a Rule 58 separate judgment, the courts of appeals may

---

[6]*See, e.g.*, **State Nat'l Bank of El Paso v. United States**, 488 F.2d 890 (5th Cir. 1974) (holding that a document entitled "Opinion and Judgment" did not comply with Rule 58); **Taylor v. Sterrett**, 527 F.2d 856 (5th Cir. 1976).

[7]*See* **United States v. Indrelunas**, 411 U.S. 216 (1973).

[8]435 U.S. 381 (1978) (per curiam).

[9]**Id.** at 385 (citing *Indrelunas*, 411 U.S. at 220-22).

hear the appeal.[10]  If a separate document judgment is not entered, however, the time for filing an appeal does not begin to accrue until a judgment complying with the Rule 58 dictates has been entered.  The rule is to be "'interpreted to prevent the loss of the right of appeal, not to facilitate loss.'"[11]

In the present case Mercedes seeks a holding that even in the absence of a Rule 58 judgment Baker has forfeited his right to appeal by failing to file a notice of appeal within thirty days of the October 31, 1995 opinion and order.  On this point the **Mallis** holding is dispositive:  Baker's right to appeal cannot be prejudiced by failing to file a notice of appeal when no Rule 58 separate document judgment has been entered.  Rule 58 plainly provides that "[e]very judgment shall be set forth on a separate document."  It is undisputed that the ruling at issue in this case was an extensive written opinion concluding with the sentence: "This is a final judgment."  There was no separate document judgment.

Mercedes further contends that Baker waived the benefits of Rule 58, as defined in **Mallis**, because in subsequent motions he referred to the October 1995 opinion and order as a "final judgment."  **Mallis** is not authority for that proposition for the Court there expressly recognized that the appeals timetable only runs from entry of a judgment that complies with Rule 58.[12]

---

[10]*See also* **Hanson v. Town of Flower Mound**, 679 F.2d 497 (5th Cir. 1982) (holding that where the parties fail to raise the Rule 58 issue, the court should proceed to hear the appeal).

[11]**Mallis**, 435 U.S. at 386 (quoting 9 MOORE'S FEDERAL PRACTICE 119-20 (1970)).

[12]Mercedes cites to **United States v. Kellogg**, 12 F.3d 497 (5th Cir. 1994), and **InterFirst Bank Dallas, N.A. v. F.D.I.C.**, 808 F.2d 1105 (5th Cir. 1987), for the proposition that an order combining an opinion and a ruling on a motion to dismiss satisfies the separate document requirement of Rule 58.  We do not find the holdings in these cases dispositive of the issue before us today or inconsistent with our disposition. We have treated differently the cases in which no Rule 58 judgment was entered but which did involve certain Fed.R.App.P. 4(a)(4) post-judgment motions, from those which did not involve Rule 4(a)(4) motions.  *Compare, e.g.*, **United States v. Perez**, 736 F.2d

We conclude and hold that the October 1995 opinion and order does not comply with the requirements of Rule 58. There has been no final judgment and Baker was not required to appeal although he has attempted to do so.

We next consider whether we appropriately may address the merits of the appeal. **Whitaker v. City of Houston**, provides the answer to this inquiry: "Generally, this court declines . . . to hear the appeal if the status of a post-judgment motion is unclear due to the lack of a Rule 58 judgment or if the notice of appeal would have been untimely if the order appealed had constituted a Rule 58 judgment."[13] Presumably, the "order appealed" is the October 31, 1995 summary judgment opinion on the products liability claim that disposed of the final cause of action. Because Baker did not file a notice of appeal within 30 days of that order, and filed no other post-judgment motions in a timely manner that could extend the 30-day period, we must decline to hear Baker's appeal on the merits at this time.

We conclude otherwise as to the timeliness of Baker's appeal of the trial court's denial of his motion to enter a separate document judgment.[14] We have jurisdiction over that part of this appeal. Expressing no view as to the merits of the underlying appeal, we VACATE and REMAND with instructions that a separate document judgment consistent

---

236 (5th Cir. 1984) and **Ellison v. Conoco, Inc**, 950 F.2d 1196 (5th Cir. 1992), *cert. denied*, 509 U.S. 907 (1993) (both apparently holding that appellate timetables begin to run from the granting or denial of certain post-judgment motions enumerated in FED. R. APP. P. 4(a)(4) even without a Rule 58 judgment) *with* **Theriot v. ASW Well Serv., Inc.,** 951 F.2d 84 (5th Cir. 1992) and **Whitaker v. City of Houston**, 963 F.2d 831 (5th Cir. 1992) (neither involving post-judgment motions and both recognizing that under **Mallis**, neither party is required to appeal from a judgment until a Rule 58 separate document judgment has been entered). The **Perez** and **Ellison** line of cases appears to rely on language in Rule 4(a)(4) to the effect that the time for filing an appeal runs from "the entry of the order disposing" of a post-trial motion, a result arguably inconsistent with Fed.R.App.P. 4(a)(7), which provides that judgments or orders are only deemed "entered" under Rule 4 when entered in compliance with Fed.R.Civ.P. 58.

[13]963 F.2d at 834.

[14]*In re* **Seiscom Delta**, 857 F.2d 279 (5th Cir. 1988).

with Rule 58 be entered herein.