Michael Lawrence PACK, Appellant,

v.

BURNS INTERNATIONAL SECURITY
SERVICE, Appellee.

No. 97–7102.

United States Court of Appeals,
District of Columbia Circuit.

Dec. 9, 1997.

Michael Lawrence Pack, pro se, for appellant.

Paul R. Pearson was on the motion to dismiss, for appellee.

Before: WALD, SILBERMAN, and RANDOLPH, Circuit Judges.

Opinion for the Court filed PER CURIAM.

PER CURIAM:

This case poses the question whether the court has jurisdiction over an appeal which would have been untimely had the underlying judgment been entered in accordance with Federal Rule of Civil Procedure 58. Because the strictures of Rule 58 were not complied with, however, we do have jurisdiction over this appeal, and so deny the motion to dismiss. Michael Lawrence Pack filed a *pro se* complaint stemming from a September 1995 encounter at Union Station with Amtrak guards and employees of the Burns International Security Service ("Burns"). Burns filed a motion to dismiss the complaint for failure to state a claim upon which relief could be granted. When Pack failed to file a timely response to the motion, the district court issued an order directing him to respond by a date certain.

Two weeks prior to the deadline, Pack filed an opposition to the dismissal motion. Apparently unaware of Pack's filing, the district court subsequently entered an order stating

that the motion to dismiss would be treated as conceded and granted. The district court's order provided several grounds for dismissal, and directed that the case be "dismissed with prejudice from the docket of this court." No separate judgment in compliance with Fed.R.Civ.P. 58 was entered. Forty-eight days later, Pack filed a notice of appeal. The notice bears a hand-written notation from the district court judge stating: "Let this be filed." Burns has now filed a motion to dismiss the appeal, arguing that the notice of appeal was untimely and the district court judge's notation was ineffective to extend Pack's appeal time in the absence of a motion requesting an extension.

 Rule 58 requires that every judgment be set forth on a separate document. The Supreme Court has held that this rule must be "mechanically applied." *See United States v. Indrelunas,* 411 U.S. 216, 222, 93 S.Ct. 1562, 1565, 36 L.Ed.2d 202 (1973). Because the district court's order failed to comply with Rule 58, Pack's notice of appeal cannot be considered late. *See Baker v. Mercedes Benz of North America,* 114 F.3d 57 (5th Cir.1997) (right to appeal cannot be foreclosed by failure to file a notice of appeal when no Rule 58 separate document judgment has been entered). An appellant may, therefore, safely wait until a conforming judgment has been entered and file an appeal at that time. *See Shalala v. Schaefer,* 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993).

 The more difficult question is whether the court lacks jurisdiction over Pack's appeal on the grounds that it is premature, because no judgment in accordance with Rule 58 has been entered. In certain circumstances, parties can waive Rule 58's requirements and an appellate court can exercise jurisdiction over an appeal even though no judgment conforming to Rule 58 has been entered. *See Bankers Trust Co. v. Mallis,* 435 U.S. 381, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978); *Diamond by Diamond v. McKenzie,* 770 F.2d 225 (D.C.Cir.1985) (waiver rule announced in *Mallis* applies where district court intended to enter a final judgment, judgment was entered on docket, and no objection to absence of Rule 58 order was made).

This circuit has not heretofore found a waiver of Rule 58's requirements when an appellant failed to note a timely appeal from the district court's nonconforming judgment. Some of our sister circuits have held that where a timely notice of appeal was not filed, the court must decline to hear the merits of the appeal. *See Baker,* 114 F.3d at 61 (5th Cir.1997) (court must decline to address merits of appeal where no timely notice of appeal is filed); *Armstrong v. Ahitow,* 36 F.3d 574 (7th Cir.1994) (appeal filed more than one year after entry of nonconforming judgment dismissed as premature). *See also Hughes v. Halifax County School Board,* 823 F.2d 832 (4th Cir.1987) (district court's denial of motion to enter judgment reversed; court notes that Rule 58 requirements not waived because no timely appeal filed and appellant sought district court entry of conforming Rule 58 judgment).

Other circuits, however, have reasoned that the Supreme Court's rationale in *Mallis* supports the exercise of jurisdiction over a challenge to an order which does not comply with Rule 58 but was clearly intended to be final, notwithstanding the appellant's failure to note a timely appeal. In *Mallis,* the Court noted that the separate document rule is aimed at achieving certainty as to time limits for appeal. If the district court's error in not entering its judgment on a separate document was inadvertent, only delay would result from requiring the court of appeals to dismiss the appeal. "Upon dismissal, the district court would simply file and enter the separate judgment, from which a timely appeal would then be taken. Wheels would spin for no practical purpose." *Id.,* 435 U.S. at 385, 98 S.Ct. at 1120. *See Clough v. Rush,* 959 F.2d 182 (10th Cir.1992) (court exercised jurisdiction over appeal, notwithstanding district court's failure to enter a separate judgment, because remand would waste judicial resources); *McCalden v. California Library Ass'n,* 955 F.2d 1214 (9th Cir.1990) (notice of appeal filed three months after nonconforming judgment would have become final not untimely; court exercised jurisdiction without requiring remand).

The First Circuit has adopted a compromise approach. Apparently out of concern

that inadvertent failure to enter a Rule 58 judgment would provide an undeserved boon to tardy appellants, the First Circuit has promulgated procedures governing appeals taken from judgments which do not comply with the requirements of Rule 58. *See Fiore v. Washington County Community Mental Health Ctr.*, 960 F.2d 229 (1st Cir.1992). These procedures permit the court to exercise jurisdiction over appeals which are filed less than three months after entry of the nonconforming judgment, but disallows, on timeliness grounds, appeals filed after the passage of more than three months. *Id.*, 960 F.2d at 238–39.

Ultimately, we agree with those courts which have found the rationale behind the Supreme Court's discussion in *Mallis* to require the exercise of jurisdiction over an appeal from a nonconforming judgment notwithstanding an appellant's failure to file a notice of appeal within the applicable period *following entry of the judgment.* In light of the district court's failure to enter a Rule 58 judgment, and because remand to the district court to require entry of a conforming judgment would serve no practical purpose, we assume jurisdiction over Pack's appeal and deny Burns' motion to dismiss.

*So ordered.*