**UNITED STATES of America, Appellee,**

v.

**Marcus E. HAYNES, Appellant.**

No. 97–5110.

United States Court of Appeals, District of Columbia Circuit.

Argued Sept. 4, 1998.

Decided Oct. 27, 1998.

Deanne E. Maynard, appointed by the court, argued the cause as amicus curiae for appellant. With her on the briefs were Ian Heath Gershengorn and Ann M. Kappler.

Daria J. Zane, Assistant U.S. Attorney, argued the cause for appellee. With her on the brief were Wilma A. Lewis, U.S. Attorney, and R. Craig Lawrence, Assistant U.S. Attorney.

Before: WILLIAMS, HENDERSON and GARLAND, Circuit Judges.

STEPHEN F. WILLIAMS, Circuit Judge:

Marcus Haynes took out federally insured student loans and failed to pay them back. The government sued to recover about $11,000 in unpaid principal and about $7,000 in then-accrued interest. The government prevailed, ultimately securing a judgment that with interest and expenses amounted to about $24,000. Haynes filed two successive motions for reconsideration, claiming that Congress's repeal of a prior statute of limitations imposed such a special hardship on him that, under a dictum in *United States v. Hodges*, 999 F.2d 341, 342 (8th Cir.1993), the repeal would be unconstitutional as applied to him. The district court denied both motions. The principal issue on appeal is whether Haynes's appeal from the denial of the last motion is timebarred.

The district court denied the last motion for reconsideration on November 5, 1996. Haynes filed his notice of appeal April 21, 1997. If the court's denial of the motion was enough to start the 60–day clock running on the time to appeal, see Fed. R.App. P. 4(a)(1); 28 U.S.C. § 2107(b) (both providing 60 days to appeal in a civil case in which the United States is a party), plainly the appeal was out of time. But Rule 58 of the Federal Rules of Civil Procedure requires that every

"judgment shall be set forth on a separate document." If Rule 58 governs the denial of a motion for reconsideration, and if the district court's order does not satisfy the separate document requirement, the appeal is not time-barred. We find that Rule 58 does apply and that the court's order does not satisfy it; accordingly we reach the merits of the appeal. We save discussion of the underlying facts for later, as they have no bearing on the main issue, that of our jurisdiction.

\* \* \*

Rule 58 provides in pertinent part that "[e]very judgment shall be set forth on a separate document" and that "[a] judgment is effective only when so set forth." Fed. R.Civ.P. 58. According to the Advisory Committee Notes, the judgment must be "set out on a separate document—distinct from any opinion or memorandum—which provides the basis for the entry of judgment." Notes of Advisory Committee on Rules, 1963 Amendment, following Fed.R.Civ.P. 58.

The sole purpose of Rule 58's separate document requirement was to clarify when the time for an appeal begins to run. *Bankers Trust Co. v. Mallis*, 435 U.S. 381, 384, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978). It was added in 1963 to prevent uncertainty "over what actions ... would constitute an entry of judgment, and occasional grief to litigants as a result of this uncertainty." *United States v. Indrelunas*, 411 U.S. 216, 220, 93 S.Ct. 1562, 36 L.Ed.2d 202 (1973). In *Indrelunas*, the Court held that Rule 58 was a " 'mechanical change' that must be mechanically applied in order to avoid new uncertainties as to the date on which a judgment is entered." 411 U.S. at 222, 93 S.Ct. 1562.

The rules seem to compel the view that Rule 58 governs the denial of Haynes's motion for reconsideration. It sets out prerequisites for "judgments." The Rules in turn define "judgment" as including "[a] decree and any order from which an appeal lies." Fed.R.Civ.P. 54. Here, the order in question was the denial of a motion for reconsideration under Rule 60(b), and the government does not dispute the *amicus*'s contention that an appeal lies from a denial of a Rule 60(b) motion. See *Browder v. Director,*

*Illinois Dep't of Corrections*, 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978) ("A timely appeal may be taken under Fed. R.App. Proc. 4(a) from a ruling on a Rule 60(b) motion"). It follows that the denial constitutes a "judgment" within the meaning of the rules. See *Derrington-Bey v. District of Columbia Dep't of Corrections*, 39 F.3d 1224, 1226 (D.C.Cir.1994) ("An order denying such a motion [under Rule 60(b) ] is itself a 'judgment' under Fed.R.Civ.P. 54(a): the term 'judgment' as used in the rules 'includes a decree and any order from which the appeal lies.' ").

The government argues that despite the language of the rules there are policy reasons why denial of a Rule 60(b) motion should be treated differently from more conventional judgments. There is no need to apply the "separate document" requirement, it says, because by the time a court denies a Rule 60(b) motion, a final judgment has already been entered. Besides, the government argues, the application of the separate document requirement to post-judgment motions provides a boon for tardy appellants.

These objections do not come within a country mile of the sort of incoherence or inconsistency in the literal language of the rules that under *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 240–41, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989), would allow a court to go beyond the rules' plain meaning. As an appealable event, denial of a Rule 60(b) motion generates, so far as we can see, no less risk of party confusion than does issuance of a garden-variety suit-terminating order, so the separate document requirement is as clarifying in the one context as in the other. And insofar as the requirement may be a boon to sluggish litigants, again we see no greater risk from 60(b) denials than from orders within Rule 58's indisputable core.

The government cites *Bankers Trust*, 435 U.S. at 386–87, 98 S.Ct. 1117, for the proposition that the separate document requirement of Rule 58 is not an essential prerequisite and can be interpreted using a common sense approach. But in *Bankers Trust* the issue was whether the *absence* of a separate document rendered an appeal premature, so that a court of appeals would have to remand

1330

to the district court for entry of a separate document before it could take jurisdiction of the appeal. *Id.* Saying that Rule 58 was to be " 'interpreted to prevent loss of the right of appeal, not to facilitate loss,' " *id.* at 386, 98 S.Ct. 1117 (quoting 9 J. Moore, Federal Practice ¶ 110.08[2] at 119–90 (1970)), the Court rejected the idea that any such remand was necessary—at least where, as here, appellee has raised no objection to the appeal's superficial prematurity. "Wheels would spin for no practical purpose." 435 U.S. at 385, 98 S.Ct. 1117. See also *Shalala v. Schaefer*, 509 U.S. 292, 302–03, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993)(holding that although a "separate document" is not needed for an order to become appealable, one is needed to render an appeal untimely). Indeed, our opinion in *Pack v. Burns Int'l Security Serv.*, 130 F.3d 1071 (D.C.Cir.1997), ruled that even over appellee's objection there was no need for such a pointless exercise. *Id.* at 1073.

The government also cites several decisions from other circuits for the proposition that a separate document is not always required when a court denies a post-judgment motion. See *Baker v. Mercedes Benz of N. Am.*, 114 F.3d 57, 59–61 (5th Cir.1997); *Chambers v. Am. .Trans Air, Inc.*, 990 F.2d 317, 318 (7th Cir.1993); *Ellison v. Conoco, Inc.*, 950 F.2d 1196, 1200 (5th Cir.1992); *Wikoff v. Vanderveld*, 897 F.2d 232, 236 (7th Cir.1990). In fact, in none of these cases did a court use an "exception" to Rule 58 to defeat appellate jurisdiction; indeed, in all cases the court found the appeals salvageable. In *Baker* there was no separate judgment for the grant of summary judgment; the losing party moved for entry of judgment in a separate document, the trial court denied the motion, and the appellate court reversed with instructions to enter it. Why this was necessary in light of *Bankers Trust* is not clear to us, but the case is not a holding exempting dispositions of post-judgment motions from Rule 58. In *Chambers* the court read prior Seventh Circuit cases as saying that Rule 58 did not govern denial of

Rule 59 posttrial motions,[1] but observed that the First Circuit in *Fiore v. Washington County Community Mental Health Ctr.*, 960 F.2d 229 (1st Cir.1992) (en banc), reached the contrary conclusion "after careful examination of the issue." The court then saved the appeal on the ground that the initial district court ruling was only tentative. *Ellison* was primarily an application of Rules 4(a)(2) and 4(a)(4) of the Federal Rules of Appellate Procedure as they stood prior to amendment in 1993; ultimately the court saved the appeal by finding Rule 4(a)(2) applicable. And in *Wikoff* the court simply applied *Bankers Trust*'s appeal-saving principle.

We note also that all these decisions involved motions that, under Fed. R.App. P. 4(a)(4) in both its pre- and post–1993 guises, tolled the time to appeal an original judgment. The 1979–93 version of that rule suggested that orders disposing of the covered motions were not appealable as such, independent of appeals from the original judgment. See *Stone v. INS*, 514 U.S. 386, 403, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995). This raised a question whether such orders qualified as "final judgments" under Rule 58. Cf. *Chambers*, 990 F.2d at 318 (saying that an order *denying* a Rule 59 motion does not qualify as final judgment). Although we reach no holding on the independent appealability of dispositions of tolling motions under Rule 4(a)(4), we note that the current version of the rule provides explicitly for appeal of an order amending or altering the original judgment. In any event, although we share the *amicus*'s doubt that disposition of Rule 4(a)(4) tolling motions should be exempt from Rule 58, that issue may be left for another day. We note in this connection that Fed. R.App. P. 4(a)(7) provides that judgments or orders are deemed entered under Rule 4 only when entered in compliance with Fed. R.Civ.P. 58. See *Baker*, 114 F.3d at 60 n. 12.

In concluding that Rule 58 governs the disposition of Rule 60(b) post-judgment motions, we of course ally ourselves with the First Circuit's decision in *Fiore*. We cannot,

---

1. *Charles v. Daley*, 799 F.2d 343, 346–47 (7th Cir.1986), indeed says just that, but the statement appears to be dictum, as the case involved orders *amending* the prior judgment, and the court

ruled that such an order did not start the clock running until entered on a separate document. *Id.*

however, join its ruling that despite Rule 58 a party loses his right to appeal if he does not file his notice within three months of a district court's last order in a case. *Id.* at 236. In *Pack v. Burns Int'l Security Serv.,* 130 F.3d at 1073, we noted this approach but declined to adopt it in a case involving an order dismissing a case. Here the *Fiore* rule would be fatal to Haynes's appeal, so we must either reject our dictum in *Pack* or turn it into holding. Finding no linguistic basis for the three-month limitation, we hold that no such limit applies.

■ We next consider whether the district court's three-page "Memorandum Opinion & Order" denying the Rule 60(b) motion nevertheless qualifies as a separate document under Rule 58. In *Diamond by Diamond v. McKenzie,* 770 F.2d 225 (D.C.Cir.1985) (per curiam), we held that an order that "set forth a decision in the sense of providing the basis, albeit briefly, of the court's reasoning, along with citation to legal authorities," did not satisfy the separate-document requirement. *Id.* at 229–30. Here the Memorandum Opinion & Order included an extensive recitation of the procedural history of this case, a related bankruptcy case, as well as the district court's reasoning in denying the motion, including citation to cases and statutes in support of the disposition. In light of *Diamond by Diamond,* we think it understandable that the government found itself speechless when invited at oral argument to explain how, if Rule 58 applied, the Memorandum Opinion & Order could be thought to qualify.

■ Finally, *amicus* diligently reminds us that the appeal is technically premature, since no separate document was ever filed under Rule 58. Since remanding to the "district court to require entry of a conforming judgment would serve no practical purpose," *Pack,* 130 F.3d at 1073, we assume jurisdiction over this appeal and thus at last reach the merits.

\*       \*       \*

After the district court granted summary judgment, the United States began garnishing Haynes's wages. On March 25, 1996 Haynes filed a voluntary petition for bankruptcy under Chapter 7, and on October 7, 1996 the bankruptcy court issued an order of discharge. In May and August 1996 Haynes filed motions for reconsideration of the district court's initial judgment. He urged that the action against him was barred by the statute of limitations, claiming, under the theory suggested in dictum in *United States v. Hodges,* 999 F.2d at 342, that the retroactive application of that statute's repeal would cause him special hardship, and thus would be unconstitutional as applied to him. In dismissing the second motion to reconsider on November 5, 1996, the district court reasoned that it was mooted by the intervening discharge in bankruptcy, which encompassed Haynes's student loan debts.

■ But while the discharge in bankruptcy relieved Haynes of his *remaining* obligations to the government, it is not so clear that it mooted his claim to return of money he had already paid in partial satisfaction of the initial judgment. The government here argues that that claim too is mooted, because any interest that Haynes had in the money became the property of the bankruptcy estate on the filing of his petition, citing 11 U.S.C. § 541. *Amicus* answers that under 11 U.S.C. § 554(c), property scheduled under § 521(1) of the bankruptcy code "not otherwise administered at the time of the closing of a case is abandoned to the debtor," so that the claim still lives.

■ The district court did not consider whether Haynes's restitution claim (assuming it had some possible merit) survived, and as the briefing on the point has been somewhat fragmentary we do not resolve the mootness issue, but remand for the district court's consideration. A district court's decision to deny a Rule 60(b) motion is ordinarily reviewable for abuse of discretion, *Browder v. Director, Department of Corrections,* 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978), but where the discretion has not been exercised we do not see how we can affirm the court's denial of the motion unless convinced that any alternative would have been an abuse of discretion. Assuming that Haynes may be able to show that his restitution claim is not moot, and assuming that, if the district court had allowed further proceedings, Haynes might conceivably have

shown the sort of special hardship alluded to in *Hodges,* we do not think we can now say that any alternative disposition would have been an abuse of discretion. Accordingly, we remand to the district court for the exercise of its discretion. We emphasize that in doing so we are taking no position on the as-yet unaddressed mootness issue, and are not suggesting that we are aware of any evidence currently in the record that would support a finding that repeal of the statute of limitations would be unconstitutional as to Haynes.

*So ordered.*