IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40196
Summary Calendar
_____

NOEL GONZALEZ; RUDY MOLINA;
ENRIQUE MENDIOLA; HILARIO ACEVEDO,

                                         Plaintiffs-Appellants,

versus

SUPREME COURT OF TEXAS; THOMAS R. PHILLIPS,
Chief Justice; RAUL A. GONZALEZ; NATHAN I. HECHT,
Justice, Individually and official capacities;
DEBORAH G. HANKINSON, Justice Individually and
official capacity; CRAIG ENOCH, Justice Individually
and official capacity; ROSE SPECTOR, Justice in their
individual and official capacity; PRICILLA R. OWEN;
JAMES A. BAKER, Justice Individually and official
capacity; GREG ABBOTT, Individually and in his
official capacity; DAN MORALES, Attorney General,
Individually and in his official capacity; BOARD OF
LAW EXAMINERS OF TEXAS; RACHEL MARTIN, Executive
director of Texas Board of Law Examiners; ROBERT
ROLLER, Chairman, Texas Board of Law Examiners;
individually and in their official capacity; OFFICE
OF ATTORNEY GENERAL OF TEXAS,

                                         Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of
USDC No. B-98-CV-28
--------------------

December 9, 1999

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    Noel Gonzalez, Rudy Molina, Enrique Mediola, and Hilario

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Acevedo appeal the dismissal of their federal anti-trust claim. Plaintiffs, by and through an attorney, filed suit in district court against 15 defendants who represented the Supreme Court of Texas, the Board of Law Examiners of Texas, and the Office of Attorney General of Texas. The plaintiffs alleged that these entities and their representatives, in both their individual and official capacities, violated the Sherman Anti-Trust Act, 15 U.S.C. §§ 1 and 2, when they denied plaintiffs admission to the Texas bar by using a system for grading bar examinations which was not approved by the Texas Supreme Court.

This Court must examine the basis of its jurisdiction on its own motion if necessary. Mosley v. Cozby, 813 F.2d 659, 660 (5th Cir. 1987). An examination of the record in this case discloses that no final judgment has been entered as a separate document as required by FED. R. CIV. P. 58.

In an order entered on November 4, 1998, the district court granted the defendants' motion to dismiss. Thereafter, on December 4, 1998, plaintiffs filed a motion for reconsideration. On January 15, 1999, the district court entered an order denying the motion for reconsideration. On February 16, 1999, plaintiffs filed a notice of appeal.

If we were to treat the November 4th order as a Rule 58 judgment, plaintiffs' notice of appeal would be untimely because it was filed more than 30 days after entry of the order of dismissal. See FED. R. APP. P. 4(a)(1)(B); Baker v. Mercedes Benz of North America, 114 F.3d 57, 61 (5th Cir. 1997). Therefore, we DISMISS the appeal. See Townsend v. Lucas, 745

F.2d 933, 934 (5th Cir. 1984).

Plaintiffs may rectify the lack of a separate document judgment by a motion to the district court for entry of judgment. After entry of the judgment, they may appeal within the time prescribed by Rule 4(a)(1)(A).

APPEAL DISMISSED.