[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 6 2000
THOMAS K. KAHN
CLERK

_____

No. 99-10598
_____

D. C. Docket No. 97-01295-CV-W-S

JOYCE ANN REYNOLDS,

Plaintiff-Appellant,

versus

GOLDEN CORRAL CORPORATION,
RICKY GIBSON,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

**(June 6, 2000)**

Before ANDERSON, Chief Judge, BLACK, Circuit Judge, and HALL[*], Senior
Circuit Judge.

PER CURIAM:

---

[*] Honorable Cynthia Holcomb Hall, Senior U. S. Circuit Judge for the Ninth Circuit, sitting
by designation.

Joyce Ann Reynolds appeals from the magistrate judge's opinion and order that granted summary judgment to Golden Corral on Reynolds's claims for Title VII quid pro quo and hostile environment sexual harassment and for retaliation. The magistrate judge signed and entered its memorandum and order on March 11, 1999. Reynolds filed a notice of appeal on April 14, 1999. Federal Rule of Appellate Procedure 4(a)(1) requires that a notice of appeal be filed within 30 days after the judgment or order appealed from is entered. See Fed. R. App. P.4(a)(1)(A). Thus, Reynolds's notice of appeal from the memorandum and order exceeded this 30-day time limit. However, the 30-day time limit begins to run when a final judgment is entered on a separate document pursuant to Federal Rules of Civil Procedure 58 and 79(a).[1] Although the parties consented to the jurisdiction of the magistrate judge to enter a final judgment, neither the magistrate judge nor the clerk entered a final judgment on a separate document pursuant to Rule 58. Our appellate jurisdiction is premised on 28 U.S.C. § 1291, which requires an appeal to be from a final judgment. We thus must address the question of whether this Court has appellate jurisdiction in view of the failure to comply

---

[1]    Rule 58 provides, in relevant part, that "Every judgment shall be set forth on a separate document. A document is effective only when so set forth and when entered as provided in Rule 79(a)." Fed. R. Civ. P. 58. Rule 79(a) requires that a judgment or order be entered on the civil docket and show the date that the entry is made. Fed. R. Civ. P. 79(a).

with Rule 58. We conclude that the lack of a Rule 58 separate judgment does not preclude our jurisdiction.

In Bankers Trust Company v. Mallis, 435 U.S. 381, 98 S. Ct. 1117 (1978), the Supreme Court concluded that a district court's decision can be a final decision for purposes of appellate jurisdiction despite the absence of a separate judgment. See id. at 383, 98 S. Ct. at 1119. The Court noted that the purpose of the separate-document requirement was to clarify when the time for appeal begins to run and that "[c]ertainty as to timeliness ... is not advanced by holding that appellate jurisdiction does not exist absent a separate judgment." Id. at 384-85, 98 S. Ct. at 1120. The Court found that the parties waived the separate judgment requirement where 1) the district court evidenced its intent that the opinion from which the appeal was taken represent the final decision in the case, 2) a judgment of dismissal was recorded in the clerk's docket, and 3) the appellee did not object to the taking of the appeal in the absence of a separate document. See id. at 387-88, 98 S. Ct. at 1121. Thus, the Court held that the court of appeals had properly assumed appellate jurisdiction notwithstanding the fact that a separate judgment pursuant to Rule 58 had never been entered.

This court has upheld appellate jurisdiction in circumstances apparently identical to those in Mallis – i.e., where the district court has failed to enter a

separate judgment but where the notice of appeal is timely filed from the otherwise final decision of the district court. See Kent v. Baker, 815 F.2d 1395, 1397-98 (11th Cir. 1987). It is significant that neither the Supreme Court in Mallis nor this court in Kent v. Baker insisted upon the futile gesture of vacating, remanding to the district court, and requiring appellant to undergo the formality of obtaining a Rule 58 separate judgment and then filing a new notice of appeal. Rather, both the Supreme Court and this court permitted the assumption of appellate jurisdiction without that futile gesture. Indeed, in Kent v. Baker, we quoted language from Mallis as follows:

> [I]f the only obstacle to appellate review is the failure of the District Court to set forth its judgment on a separate document, "there would appear to be no point in obliging the appellant to undergo the formality of obtaining a formal judgment."

815 F.2d at 1397 (quoting Mallis, 435 U.S. at 387, 98 S.Ct. at 1121(quoting 9 J. Moore, Federal Proc., para 110.08[2], p. 120 n.7)).

The instant case is distinguishable on its facts from Mallis and Kent v. Baker, in that the notice of appeal in this case was filed more than 30 days after the March 11, 1999, decision appealed from. However, cases from both the Supreme Court and the circuit courts of appeal make it clear that the time to file a notice of appeal does not begin to run until a separate judgment is entered pursuant to Rule 58. See, e.g., United States v. Indrelunas, 411 U.S. 216, 93 S.Ct. 1562 (1973).

4

Thus, it is clear that there is no lack of appellate jurisdiction on the basis of untimeliness. This having been established, we are faced with the question of whether to vacate, remand, and require appellant to undergo the formality of obtaining a separate judgment pursuant to Rule 58 and then to file a new notice of appeal. Following the rationale of Mallis and Kent v. Baker, we decline to require such a futile gesture. In so holding, we join the majority of the circuits in concluding that it would be futile and a waste of judicial resources to remand to the district court for entry of a conforming judgment.[2] See Green v. Nevers, 196 F.3d 627, 631 (6th Cir. 1999) (exercising jurisdiction over an appeal that was filed 33 days after the entry of the nonconforming order); Selletti v. Carey, 173 F.3d 104, 109-10 (2d Cir. 1999) (exercising jurisdiction over an appeal that was not filed within 30 days of a nonconforming judgment); Pack v. Burns Int'l Security Service, 130 F.3d 1071, 1073 (D.C. Cir. 1997) (stating that "remand to the district court to require entry of a conforming judgment would serve no practical purpose"); Clough v. Rush, 959 F.2d 182, 186 (10th Cir. 1992) (holding that the separate document rule should be interpreted to prevent loss of the right to appeal, that a "waiver may not be used to defeat jurisdiction" and that "[e]fficiency and

---

[2] We believe that insistence upon a separate Rule 58 judgment to defeat jurisdiction has been waived. The Magistrate Judge's March 11 order evidenced an intent to be a final decision; the dismissal is recorded on the docket; and the parties have not insisted upon the separate judgment requirement to defeat jurisdiction.

5

judicial economy would not be served by requiring the parties to return to the district court to obtain a separate judgment"); Vernon v. Heckler, 811 F.2d 1274, 1276 (9th Cir. 1987) (concluding that the court should assume jurisdiction over the appeal and "need not engage in the pointless exercise of dismissing the appeal and waiting for the district court clerk to enter a separate judgment before hearing the appeal").[3] Three circuits have required a remand for the entry of a separate Rule 58 judgment and a new notice of appeal. See Baker v. Mercedes Benz of North America, 114 F.3d 57, 61 (5th Cir. 1997) (declining to hear the merits of the appeal and vacating and remanding with instructions that a separate document judgment be entered); Armstrong v. Ahitow, 36 F.3d 574, 575-76 (7th Cir. 1994) (holding that "[because the requirements of Rule 58 were not met ... the time for appeal ha[d] not commenced" and stating that the appellant could file an appeal once the district court entered a proper Rule 58 judgment); Hughes v. Halifax Co. Sch. Bd., 823 F.2d 832, 836-37 (4th Cir. 1987) (stating that the separate judgment requirement was not waived in the absence of a timely appeal and remanding the case to the district court for a Rule 58 final judgment).

---

[3] We note that the First Circuit in Fiore v. Washington County Com. Mental Health Ctr., 960 F.2d 229 (1st Cir. 1992), undertook to prescribe rules where a party allows a case to become dormant for a prolonged period of time before seeking to appeal, and then attempts to take advantage of the technicality that the time for appeal had not begun to run because of a failure to enter a judgment satisfying Rule 58. The instant case involves no such abuse, and we need not address that situation.

Having concluded that we do have appellate jurisdiction of this case, we have carefully considered the merits of appellant's appeal, and we reject appellant's challenges to the judgment below without need for discussion.

**AFFIRMED.**