**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 01-60830**
**Summary Calendar**

_____

**AMERICAN NATIONAL GENERAL INSURANCE COMPANY,**

**Plaintiff-Appellee,**

**and**

**STATE FARM FIRE AND CASUALTY INSURANCE COMPANY,**

**Intervenor Plaintiff-Appellee,**

**versus**

**L.T. JACKSON, ET AL.,**

**Defendants,**

**L.T. JACKSON,**

**Defendant-Appellant,**

**and**

**L.T. JACKSON TRUST,**

**Defendant-Intervenor Defendant-Appellant.**

_____

**Appeal from the United States District Court**
**for the Southern District of Mississippi**
**(3:99-CV-885-LN)**

_____

May 29, 2002

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges:

PER CURIAM:[*]

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except

At issue is whether appellate jurisdiction exists in the light of the district court's not having entered a separate judgment, contrary to Federal Rule of Civil Procedure 58, and, if there is such jurisdiction, whether summary judgment was properly entered declaring Plaintiffs American National General Insurance Company and State Farm Fire and Casualty Insurance Company have no duty to defend or indemnify Defendants L.T. Jackson and L.T. Jackson Trust. **AFFIRMED.**

I.

In the action at hand, Plaintiffs seek a declaratory judgment that they have no duty, pursuant to insurance policies issued to Jackson, to defend or indemnify Defendants with respect to an action filed by the United States of America claiming sexual discrimination in violation of the Fair Housing Act, 42 U.S.C. § 3601 *et seq*. The Government contended that Jackson, as the owner or manager of residential rental properties, made physical sexual advances toward female tenants and explicitly based the terms, conditions, and privileges of their tenancy on granting sexual favors.

For the action at hand, summary judgment was granted, declaring Plaintiffs had no duty to defend or indemnify Defendants. For the policies issued by American National, and noting that they provided coverage only for accidental occurrences of bodily injury, under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

property damage, or personal injury and provided further that losses resulting from intentional acts were not covered, the district court declared American National had no duty under the policies because of an exclusion for bodily injury resulting from sexual molestation.

For the State Farm policies, the district court again noted they provided coverage only for accidental occurrences of bodily injury, property damage, or personal injury and excluded from coverage damages resulting from intentional conduct. In declaring State Farm had no duty under the policies, the district court held there was no occurrence, because any personal injury inflicted was not the result of accidental conduct.

## II.

Because a separate judgment was not entered, we must decide whether we have appellate jurisdiction. If we do, we must determine whether summary judgment was proper.

## A.

In the "MEMORANDUM OPINION AND ORDER" granting summary judgment, the district court stated: "A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure". *American Nat'l Gen. Ins. Co. v. Jackson*, No. 3:99CV885LN, at 22 (S.D. Miss. 26 Sept. 2001) (unpublished) (*Jackson-USDC*). However, a separate judgment was not entered. Rule 58 provides: "Every judgment shall be set forth on a separate

3

document.  A judgment is effective only when so set forth and when entered as provided in Rule 79(a)[setting forth the filing duties of the district court clerk of court]".  FED. R. CIV. P. 58.

The lack of a separate judgment, alone, is not a jurisdictional bar to this appeal.  Instead, "where the parties voluntarily proceed on appeal from an otherwise final and appealable order but lack a Rule 58 separate judgment, the courts of appeals may hear the appeal".  *Baker v. Mercedes Benz of N. Am.*, 114 F.3d 57, 60 (5th Cir. 1997); *see* *Bankers Trust Co. v. Mallis*, 435 U.S. 381, 384-85 (1978) ("it could not have been intended that the separate-document requirement of Rule 58 be such a categorical imperative that the parties are not free to waive it"; "[i]f, by error, a separate judgment is not filed before a party appeals, nothing but delay would flow from requiring the court of appeals to dismiss the appeal".).  We will not consider the merits, however, "if the notice of appeal would have been untimely if the order appealed had constituted a Rule 58 judgment".  *Baker*, 114 F.3d at 61.

The parties voluntarily proceed in this appeal.  In response to this court's directive that they address the separate-judgment issue, Defendants and State Farm maintain the order is final in nature and effectively terminated the litigation; neither objects to the lack of a separate judgment.  American National does not address this issue.

4

Concerning the finality of the summary judgment order, a "'decision is ordinarily considered final and appealable under [28 U.S.C.] § 1291 *only* if it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment". *Doleac v. Michalson*, 264 F.2d 470, 479 (5th Cir. 2001) (emphasis in original) (quoting *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 712 (1996)). The summary judgment declaring Plaintiffs had no duty to defend or indemnify Defendants ended the litigation; as acknowledged by the district court, the only matter remaining was entry of judgment. *See, e.g., Mallis*, 435 U.S. at 387 ("Here, the District Court clearly evidenced its intent that the opinion and order from which an appeal was taken would represent the final decision in the case.").

Finally, the notice of appeal from the 26 September 2001 opinion and order was timely filed on 26 October 2001. *See* FED. R. APP. P. 4(a) ("notice of appeal ... must be filed ... within 30 days after the judgment or order appealed from is entered"). Therefore, despite the absence of a separate judgment, we have jurisdiction.

### B.

A summary judgment is reviewed *de novo*, applying the identical standard used by the district court. *E.g., Stewart v. Murphy*, 174 F.3d 530, 533 (5th Cir.), *cert. denied*, 528 U.S. 906 (1999). Such judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law".  FED. R. CIV. P. 56(c).  "We view the pleadings and summary judgment evidence in the light most favorable to the nonmovant."  *Stewart*, 174 F.3d at 533.

For essentially the reasons stated by the district court in its comprehensive and well-reasoned opinion, we affirm the summary judgment declaring that Plaintiffs do not have a duty to defend or indemnify Defendants with respect to the Fair Housing Act action brought by the United States.  *Jackson-USDC*, at 1-22.

### III.

For the foregoing reasons, the judgment is

*AFFIRMED*.