David PANNELL, Petitioner–Appellant,

v.

Cecil DAVIS,* Respondent–Appellee.

No. 02–1379.

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 16, 2002.**

Decided Oct. 16, 2002.

Rehearing En Banc Denied Dec. 4, 2002.

Before BAUER, POSNER, and DIANE P. WOOD, Circuit Judges.

**ORDER**

The petitioner, David Pannell, appeals the district court's denial of his request for an entry of judgment under Rule 58 of the Federal Rules of Civil Procedure. Pannell is an Indiana inmate who, while incarcerated at the Wabash Valley Correctional Facility, was subject to disciplinary proceedings and convicted of possession of an unauthorized narcotic. His sanctions included the loss of 90 days of earned credit time. He unsuccessfully challenged his

** After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

disciplinary conviction through the prison appeal process, and then petitioned the district court for a writ of habeas corpus. The district court denied the petition in a Memorandum and Order dated August 27, 2001. A separate judgment was entered on August 28, 2001, as required by Rule 58 of the Federal Rules of Civil Procedure.

On September 18, Pannell filed a document styled a "Motion to Amend Findings of Fact" under Fed.R.Civ.P. 52. In that motion, Pannell argued that the district court's denial of his habeas corpus petition was improperly presented, insufficiently reasoned, and factually unsupported. On September 24, without addressing the question of the motion's timeliness,[1] the district court denied it, reasoning that Rule 52 applies to "all actions tried upon the facts without a jury or with an advisory jury," which was not the case with the denial of Pannell's habeas corpus petition. The court instead offered a lengthy clarification of its August 27 order. Pannell then appealed the district court's August 27 and September 24 orders, filing his notice of appeal on October 30. On November 28, we dismissed that appeal (No. 01–3878) for lack of jurisdiction as it had not been filed within 30 days of the entry of judgment as required by Fed. R.App. P. 4(a).

Pannell then moved the district court to enter a separate judgment in connection with its September 24 order, arguing that this was required by Fed.R.Civ.P. 58. The district court deemed such an entry unnecessary, and so denied the motion on December 7, 2001. Pannell asked for reconsideration, which was likewise denied on

January 7, 2002. Pannell now asks us to review the orders of August 27, December 7, and January 7.

We have already rejected Pannell's appeal of the August 27 order as untimely. *See* Order in Case No. 01–3878 (7th Cir. November 28, 2001). As for the other two orders, we find that they correctly denied Pannell's request for entry of judgment. Rule 58 requires that judgment in a case be "set forth on a separate document." Under Rule 54, "judgment" includes "any order from which an appeal lies." We have made it clear, though, that no separate appeal lies from the denial of a post-judgment motion to alter or amend the judgment, *see Chambers v. American Trans Air, Inc.* 990 F.2d 317, 318 (7th Cir.1993), which is all that we can construe Pannell's September 18 motion to have been. Consistent with that principle, we have held that "[a] minute order suffices when the judge denies a request to alter the judgment, for then the original judgment remains in effect." *Charles v. Daley*, 799 F.2d 343, 347 (7th Cir.1986). The district court's September 24 denial of the Motion to Amend Findings of Fact was such an order.

Pannell's citation to *Armstrong v. Ahitow*, 36 F.3d 574 (7th Cir.1994) (finding no appellate jurisdiction over a denial of habeas corpus where no Rule 58 judgment had yet been entered), is beside the point, as that case concerned a failure to enter separate judgment with respect to the petitioner's original habeas corpus petition. In this case, the denial of Pannell's habeas corpus petition was entered as a separate judgment on August 28, the day after the

---

1. Although Pannell's motion was filed more than ten days after the August 28 entry of judgment, *see* Fed.R.Civ.P. 52(b) (providing a deadline of ten days after entry of judgment), a combination of the so-called "mailbox rule," *see Edwards v. United States*, 266 F.3d

756 (7th Cir.2001), and the allowance under Fed.R.Civ.P. 6(a) for days on which "weather or other conditions have made the office of the clerk of the district court inaccessible" make it at least arguable that the motion was nevertheless timely.

**634**

order was issued. No further entry of judgment was needed, and the district court correctly denied Pannell's request.

AFFIRMED.