IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10730
Summary Calendar

_____

FRANK J. STANGEL; FRANK J. STANGEL & ASSOCIATES;
FRANK'S CLUB STORES; GAIL A. CORRENTI,

                                        Plaintiffs-Appellants,

versus

A-1 FREEMAN NORTH AMERICAN INC., an Oklahoma Corporation -
Agent for North American Van Lines; BRUCE ROBERT
NEIDENFEUHR; JOHN A. WENINGER; AGENT FOR NORTH AMERICAN VAN
LINES,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
(3:01-CV-2198-M)
--------------------
March 12, 2003

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Plaintiffs-Appellants Frank J. Stangel, individually and on behalf of his business enterprises,[1] and Gail A. Correnti (collectively "Plaintiffs") appeal from the dismissal of their complaint against A-1 Freeman North American Inc. ("Freeman"),

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] For purposes of this appeal, we assume, without deciding, that Frank J. Stangel & Associates and Frank's Club Stores are properly before the court.

Bruce Robert Neidenfeuhr, and John A. Weninger (collectively "Defendants"). In their complaint, Plaintiffs alleged that diversity jurisdiction existed, that Defendants had perpetrated various state-law violations, and that Defendants had violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"). The district court dismissed the complaint on grounds that (1) no diversity jurisdiction existed; (2) Plaintiffs had failed to allege a RICO claim on which relief may be granted; and (3) federal jurisdiction did not exist to consider the remaining state-law claims.

Defendants contend that, because Plaintiffs' notice of appeal was timely only as to the denial of their postjudgment motion, the instant appeal should be dismissed on the ground that, on appeal, Plaintiffs challenge only the dismissal of their complaint and thus have abandoned their challenge to the denial of their postjudgment motion. But, as the district court did not issue a final judgment of dismissal in a separate document, as required by FED. R. CIV. P. 58, Plaintiffs' right to appeal is not prejudiced by their failure to file a timely notice of appeal. See Baker v. Mercedes Benz of North America, 114 F.3d 57, 60 (5th Cir. 1997). Accordingly, we shall consider Plaintiffs' challenge to the dismissal of their complaint.

In addition, Plaintiffs have filed a motion to strike the Defendants' appellate brief and appendix, to stay the proceedings, and to extend the time for Plaintiffs to file a reply brief in

2

light of the order to strike. Plaintiffs' motion is frivolous and is therefore denied.

Plaintiffs argue that the district court erred when it held that diversity jurisdiction did not exist in this case. We review dismissals for lack of subject-matter jurisdiction de novo. See Whatley v. Resolution Trust Corp., 32 F.3d 905, 907 (5th Cir. 1994). Diversity jurisdiction exists only when complete diversity of citizenship exists and the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a). Plaintiffs' assertions that complete diversity of citizenship exists are contradicted by the allegations in their own complaint. Accordingly, the district court properly held that diversity jurisdiction is not present in this case.

Plaintiffs assert that the district court erred by dismissing their RICO claim under FED. R. CIV. P. 12(b)(6). We also review de novo a dismissal under FED. R. CIV. P. 12(b)(6). See Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002). Our plenary examination of Plaintiffs' allegations indicate that they did indeed fail to allege a RICO claim on which relief could be granted. See Calcasieu Marine Nat'l Bank v. Grant, 943 F.2d 1453, 1464 (5th Cir. 1991). It follows that, because the Plaintiffs' RICO claim was properly dismissed and the district court did not have diversity jurisdiction to hear this case, the remaining state-law claims were properly dismissed. See Parker & Parsley Petroleum Co. v. Dresser

3

Indus., 972 F.2d 580, 585 (5th Cir. 1992). For the foregoing reasons, the district court's dismissal of Plaintiffs' complaint is AFFIRMED, and Plaintiffs' motion to strike, to stay proceedings, and to extend time to file reply brief is DENIED.

S:\OPINIONS\UNPUB\02\02-10730.0.wpd
4/29/04  11:35 am