**J.B. FLOYD, et al., Plaintiffs,**

v.

**The DISTRICT OF COLUMBIA, and the United States of America, Defendants.**

**Civil Action No. 95–02345.**

United States District Court, District of Columbia.

Sept. 9, 1996.

Robert Edward Deso, Jr., Deso, Thomas, Spevack, Weitzman & Rost, P.C., Washington, DC, for plaintiffs.

Julian Abele Cook, III, U.S. Attorney's Office, and Judiciary Center, Marceline Alexander, Office of Corporation Counsel, D.C., Washington, DC, for defendants.

## MEMORANDUM OPINION

SPORKIN, District Judge.

This matter comes before the Court on plaintiffs' motion for summary judgment and on defendants' motion to dismiss or, in the alternative, for summary judgment. Plaintiffs are retired former employees of the U.S. Secret Service ("Secret Service") who were serving as criminal investigators for the Secret Service at the time of their retirement. Although plaintiffs were federal employees, their retirement benefits are governed by the District of Columbia Police and Firefighters Retirement Disability Act, ("District Retirement Act"), D.C.Code §§ 4–601 through 4–634. The defendant District of Columbia administers plaintiffs' retirement payments, while the defendant United States authorizes the funds to support the retirement program.

Plaintiffs claim that they are entitled to a 25 percent increase in their annuity payments to correspond to a 25 percent increase in salary which active duty investigators were granted by the Law Enforcement Availability Pay ("LEAP") Act of 1994, 5 U.S.C. § 5545a. Plaintiffs base their argument on the "equalization clause" of the District Retirement Act, which grants an increase in the annuity payments to retirees when the salaries of active duty officers are increased. D.C.Code § 4–605(c). Plaintiffs seek declaratory and injunctive relief.

Defendants assert that this Court does not have jurisdiction to hear plaintiff's claims. In the alternative, defendants argue that plaintiffs are not entitled to an increase in their retirement payments because LEAP is not a salary increase for Secret Service investigators but merely an administrative change in the manner in which they are paid.

## I. Defendant's Jurisdictional Challenge

Defendants move this Court to dismiss the case on the ground that the Court lacks jurisdiction to consider plaintiffs' claims. Specifically, defendants argue that plaintiffs' complaint fails to identify any statute conferring a cause of action or a waiver of sovereign immunity.

Significantly, defendants do not argue that jurisdiction is per se improper, but merely that plaintiffs have not carried their burden of establishing that jurisdiction exists. In fact, in an earlier case before this Court involving a very similar legal issue, the United States removed the case to federal court from D.C. Superior Court, an act which evinced the United States' position that federal jurisdiction existed. *Lanier v. District of Columbia and the United States,* 871 F.Supp. 20 (D.D.C.1994) (involving application of the equalization clause of the D.C. Retirement Act to a federal law granting "locality pay" to certain Secret Service retirees), cited with approval in *District of Columbia v. Rudolph Tarlosky, et al.,* 675 A.2d 77 (D.C.App.1996).

Just as jurisdiction was proper in *Lanier,* so is it proper in this case. The complaint invokes federal question jurisdiction pursuant to 28 U.S.C. § 1331 (1993). An

action "arises under" federal law within the meaning of section 1331 when it is apparent from the face of a well-plead complaint that (1) the plaintiff's cause of action is created by federal law; or (2) the vindication of a state law right necessarily depends on construction of the federal law, and the federal statute as a whole suggests a congressional intent to create a private federal right of action. *Merrell Dow Pharmaceuticals v. Thompson*, 478 U.S. 804, 808–11, 106 S.Ct. 3229, 3232–34, 92 L.Ed.2d 650 (1986).

Here, at a minimum, the second prong of the test is met. An essential component of plaintiffs' claim is the argument that the federal LEAP statute granted plaintiffs a substantive right. It is necessary to construe LEAP in order to define plaintiffs' rights under the equalization provision. Moreover, as discussed below, Congress clearly intended LEAP to affect the retirement benefits of Secret Service criminal investigators. It would be incongruous for Congress to give retirees a specific entitlement and at the same time deny them the right to enforce that entitlement.

Plaintiffs are correct in their stated position that sovereign immunity has been waived by section 702 of the Administrative Procedure Act ("APA"), 5 U.S.C. sec. 701 *et seq.; see Bowen v. Massachusetts*, 487 U.S. 879, 891–92, 108 S.Ct. 2722, 2730–31, 101 L.Ed.2d 749 (1988).[1] Here, the District of Columbia and the federal government are acting as agencies, and their respective refusals to grant plaintiffs the annuity increase they are entitled to and to fund and disburse it constitute agency action under the APA. *See Andrean v. Secretary of the Army*, 840 F.Supp. 1414, 1421 (D.Kan.1993) (finding that § 702 of the APA acted as waiver of sovereign immunity and that district court had jurisdiction to hear claim based on a federal military pension statute). Sovereign immunity was also waived when Congress delegated authority to administer plaintiffs' retirement program to the District of Columbia, a municipal corporation subject to being sued, which in turn has delegated the responsibility to the District of Columbia Office of Personnel.

Accordingly, the Court finds that jurisdiction properly lies with this Court.

## II. Applicability of the "Equalization Provision" to the LEAP Statute

The substantive issue before this Court is one of statutory construction. The Court must decide whether the "equalization provision" of the District Retirement Act requires plaintiffs' retirement pay be increased by 25 percent in light of the enactment of "LEAP." On this issue, both parties have moved for summary judgment.

### A. Summary Judgment Standards

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In this case, there are no genuine issues of material fact and the issue before the Court is solely one of law.

### B. Analysis and Decision

The "equalization provision" reads as follows:

> Each individual retired from active service and entitled to receive a pension allowance or retirement compensation under §§ 4–607 to 4–630 shall be entitled to receive, without making application therefor, with respect to each *increase in salary, granted by any law* which takes effect after the effect date of the District of Columbia Police and Firemen's Retirement Act Amendments of 1972, to which he would be entitled if he were in active service, an increase in his pension relief allowance or retirement compensation computed as follows: His pension relief allowance or retirement compensation shall be increased by an amount equal to the product of such allowance or compensation and the per

---

1. Section 702 states that an action "seeking relief other than money damages and stating a claim that an agency or officer or employee thereof acted or failed to act in an official capacity ... shall not be dismissed ... on the ground that it is against the United States." 5 U.S.C. § 702.

centum increase made by such law in *the scheduled rate of compensation* to which he would be entitled if he were in active service on the effective date of such *increase in salary.*

D.C.Code § 4–605(c).

■ The plain language of the statute requires that the retirees receive commensurate percentage increases in their retirement pay for "each increase in salary, granted by any law . . . to which he would be entitled if he were in active service. . . ." Thus, the Court must address whether the 25 percent increase granted by LEAP is an *increase in salary* to which the plaintiffs would be entitled if they were in active service.

LEAP grants "availability pay" to federal law enforcement criminal investigators, including criminal investigators of the Secret Service. The statute defines availability pay as follows:

(h) Availability pay under this section shall be—

(1) 25 percent of the rate of basic pay for the position; and

(2) treated as part of the basic pay for purposes of—

(A) sections 5595(c) [severance pay], 8114(e) [Civil Service Retirement System], 8331(3) [Federal Employees' Retirement System], 8431 [Thrift Savings Plan], and 8704(c) [Group Insurance];

(B) such other purposes as may be expressly provided for by law or as the

Office of Personnel Management may be regulation prescribe.

5 U.S.C. § 5545a(h).[2]

As this Court noted in *Lanier*, "[a] plain reading of the phrase 'increase in salary' includes any increase in the amount that a worker receives in pay." *Lanier*, 871 F.Supp. at 22. The language of LEAP itself characterizes "availability pay" as part of basic pay. The statute explicitly states that the "availability pay" is to be treated as basic pay for retirement, as well as other, purposes. In short, it is indisputable that the "availability pay" granted by LEAP is salary.

Defendants' main argument in opposing application of LEAP to plaintiffs is that even if "availability pay" constitutes salary, it is not an *increase* in salary and thus does not fall within the equalization provision. Specifically, defendants argue that "availability pay" does not result in an increase in overall compensation because it replaces the overtime payments that criminal investigators received prior to enactment of LEAP.[3]

This argument is without merit. LEAP's effective elimination of overtime compensation is incidental to the question before this Court. It does not change the fact that LEAP expressly increases basic pay by 25 percent. To hold that an increase in basic pay is not an increase in basic salary would defy the plain language of the statute.[4] And it is the plain language which must govern here. *See American Tobacco Co. v. Patterson*, 456 U.S. 63, 102 S.Ct. 1534, 71 L.Ed.2d

---

2. Defendants assert that the doctrine of *unius est exclusio alterious*—which creates a presumption that, where a statute designates certain items, all omissions should be understood as exclusions—applies in this case. Defendants argue that the exclusion of the D.C. Retirement Act from subsection (h)(2)(A) creates a presumption that Congress intended that LEAP not be part of basic pay for the District Retirement Act. However, this ignores subsection (h)(2)(B), which requires that LEAP pay be treated as part of basic pay for "such other purposes as may be expressly provided for by law . . ." The equalization provision of the District Retirement Act is such an express provision of law.

3. In passing LEAP, Congress hoped to "provide premium pay to criminal investigators to ensure the availability of criminal investigators for unscheduled duty in excess of a 40 hour work week

. . ." 5 U.S.C. § 5545a(b). LEAP accomplishes this goal by raising the threshold of daily hours worked at which overtime obligations are incurred (from 8 to 10 hours per day) and by commensurately increasing the investigators' salary by 25 percent. 5 U.S.C. § 5545a. With the enactment of LEAP, active duty officers who receive LEAP are no longer eligible to receive administratively uncontrollable overtime ("AUO") pay or overtime pay received pursuant to the Fair Labor Standards Act, 29 U.S.C. § 213(a)(30). 5 U.S.C. § 5545a(g).

4. The Court's decision rests strictly on statutory interpretations. The wisdom or policy of Congress's action is not before the Court. If Congress' purpose is to carve out an exception to the equalization provision for certain payments, it need only to adopt a provision explicitly expressing its intention. This Congress has not done.

748 (1982) (holding that a Court must interpret a statute according to its plain terms). The Court's interpretation of the equalization provision is supported by regulations issued by the federal Office of Personnel Management, which treats LEAP pay as salary for purposes of retirement for employees under the Federal Employees' Retirement System or the Civil Service Retirement System. In addition, LEAP pay is being included in the computation of retirement annuities for those Secret Service criminal investigators under the District Retirement Act who retired after the 1994 passage of LEAP. That the administrators of government retirement benefits have applied LEAP to retirees demonstrates clearly that skilled personnel officials have implemented the laws in question according to their plain meaning, uninfluenced by a lawyer's tortured and possibly biased reading of them. What is more, Defendant's proffered interpretation would have this Court apply a different sets of rules to persons required to be treated alike, a system that would be indefensible.

For the reasons stated above, the Court will deny defendants' motions to dismiss and for summary judgment, and will grant plaintiffs' motion for summary judgment.