# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

Argued May 4, 2006          Decided May 23, 2006

No. 04-5225

JAMES NIX AND YVONNE DAVIS,
APPELLANTS

v.

JAMES H. BILLINGTON,
APPELLEE

---

Appeal from the United States District Court
for the District of Columbia
(No. 82cv00400)

---

*Forrest Treat*, Student Counsel, argued the cause as *amicus curiae* in support of appellants. With him on the briefs were Steven H. Goldblatt, appointed by the court, *Alistair E. Newbern*, Supervising Attorney, and *Haven G. Ward*, Student Counsel.

*Madelyn E. Johnson*, Assistant U.S. Attorney, argued the cause for appellee. With her on the brief were *Kenneth L. Wainstein*, U.S. Attorney, and *R. Craig Lawrence*, Assistant U.S. Attorney. *Michael J. Ryan*, Assistant U.S. Attorney, entered an appearance.

Before: SENTELLE and BROWN, *Circuit Judges*, and EDWARDS, *Senior Circuit Judge*.

Opinion for the Court filed by *Senior Circuit Judge* EDWARDS.

EDWARDS, *Senior Circuit Judge*:  This appeal emanates from the District Court's denial of appellants' motion for a status hearing on their pending retaliation claims.  Those claims were filed pursuant to a court-approved settlement agreement in a class action alleging racial discrimination in hiring and promotion practices by the Library of Congress.  The District Court denied appellants' motion for want of jurisdiction, finding that, because its oversight jurisdiction under the settlement agreement ended on December 1, 2002, the court lacked subject matter jurisdiction to address appellants' retaliation claims.  Because we find that the District Court erred in concluding that it was without jurisdiction to address appellants' pending claims, we reverse and remand the case for further proceedings.

## I. BACKGROUND

Appellants James Nix and Yvonne Davis were unnamed members of the plaintiff class in a Title VII suit filed on behalf of African-American employees of the Library of Congress ("Library"), which was settled by the parties through a court-approved settlement agreement ("Settlement Agreement" or "Agreement").  The order approving the parties' Agreement provided that the District Court would retain oversight jurisdiction "for the four-year period described in the Settlement Agreement." *Cook v. Billington*, CA No. 82-400, Order at 2 (D.D.C. Sept. 22, 1995), *reprinted in* App. to Br. of Appointed *Amicus Curiae* in Supp. of Appellants Nix & Davis ("App.") 172, 173; *see* Settlement Agreement ¶¶ 16-17, *Cook v. Billington*, CA No. 82-400 (D.D.C. Sept. 22, 1995), *reprinted in* App. 74, 89 ("This Settlement Agreement and all provisions thereof will expire and shall be without force and effect four

years from Final Court Approval. . . . The District Court shall retain jurisdiction of this action solely for the purpose of addressing the parties' compliance with the provisions of this Settlement Agreement during the four-year period set forth in Paragraph 16 above.").

In July 1997, during this oversight period, the plaintiff class filed a motion for enforcement, alleging, *inter alia,* that the Library was in violation of the terms of the Agreement, because it had retaliated against appellants for their involvement in the lawsuit. "The Plaintiff Class [sought] the opportunity to prove this retaliation" and "request[ed] that the [District] Court authorize a period of 120 days for discovery on the issue of retaliation, at the conclusion of which dispositive motions may be filed or a hearing conducted." Mem. of P. & A. in Supp. of Pls.' Mot. to Enforce Settlement Agreement at 3, *Cook v. Billington*, CA No. 82-400 (D.D.C. filed July 25, 1997), *reprinted in* App. 177, 179.

On November 10, 1998, the District Court granted the requested discovery, stating that, "[a]t the conclusion of discovery, the parties may file dispositive motions and/or the Court may conduct a hearing." *Cook v. Billington*, CA No. 82-400, Mem. Op. at 15 (D.D.C. Nov. 10, 1998), *reprinted in* App. 260, 274. The accompanying order required "that any dispositive motions be filed on or before April 1, 1999." *Cook v. Billington*, CA No. 82-400, Order (D.D.C. Nov. 10, 1998) ("November 1998 Order"), *reprinted in* App. 275. On December 28, 1998, however, the District Court signed a Stipulation and Order which stayed the November 1998 Order to enable the parties to pursue settlement negotiations on various contested issues, including appellants' retaliation claims. The new order provided:

> [I]n the event that the parties report to the Court that an impasse has been reached concerning the Davis and Nix claims, then absent further Order of the Court, the 120-day

discovery period shall commence on the fifteenth day following the report of impasse to the Court and any dispositive motions shall be filed within 30 days of the conclusion of the discovery period.

*Cook v. Billington*, CA No. 82-400, Stipulation & Order at 2 (D.D.C. Dec. 28, 1998) ("December 1998 Order"), *reprinted in* App. 276, 277.

The parties to the Agreement subsequently resolved their differences as to all but appellants' retaliation claims. On January 18, 2001, the District Court issued an order adopting the parties' stipulated agreement on the resolved issues and extending the court's oversight jurisdiction as to certain aspects of the Agreement until December 1, 2002. *Cook v. Billington*, CA No. 82-400, Order (D.D.C. Jan. 18, 2001), *reprinted in* App. 308. There is no question that appellants' retaliation claims were still pending when this January 18, 2001 order issued.

On April 18, 2001, appellants notified the District Court that the parties were unable to resolve the retaliation claims through negotiation. The discovery period then began to run. Neither party filed a dispositive motion at the end of the discovery period, and the District Court did nothing to address appellants' pending claims. On December 1, 2002, the four-year period described in the Settlement Agreement ended. On May 2, 2003, *Cook v. Billington* was reassigned from the judge who had issued the November 1998 and December 1998 Orders to a new District Court Judge. And on September 8, 2003, the newly assigned trial judge denied a motion filed by the plaintiff class seeking to extend the court's oversight jurisdiction under the Settlement Agreement for an additional year.

In April 2004, appellants filed a motion "for a status hearing on their retaliation claims" in order "to set a schedule for the resolution of their retaliation claims." Am. Req. for a Status Hr'g on the Retaliation Claims at 1, *Cook v. Billington,* CA No.

82-400 (D.D.C. filed Apr. 28, 2004), *reprinted in* App. 391. The District Court denied the motion on the grounds that appellants "failed to comply with the requirements of the November 10, 1998 Order and [the District] Court's jurisdiction ended on December 1, 2002." *Cook v. Billington*, CA No. 82-400, Order at 2 (D.D.C. Apr. 30, 2004) ("2004 Order"), *reprinted in* App. 402, 403. Appellants filed a timely notice of appeal.

## II. STANDARD OF REVIEW

We review the District Court's determination that it lacks subject matter jurisdiction *de novo*. *See, e.g., Ctr. for Law & Educ. v. Dep't of Educ.*, 396 F.3d 1152, 1156 (D.C. Cir. 2005) ("A dismissal for lack of subject matter jurisdiction is . . . reviewed *de novo*."). The District Court's construction of the court-approved Settlement Agreement is also reviewed *de novo*. *See Richardson v. Edwards*, 127 F.3d 97, 101 (D.C. Cir. 1997) (district court "decisions interpreting consent decrees and the agreements underlying them" are reviewed *de novo*). A district court's interpretation and enforcement of its own orders is typically subject to review only for abuse of discretion. *See, e.g., Gardner v. United States*, 211 F.3d 1305, 1308 (D.C. Cir. 2000) (review is for abuse of discretion where court dismisses action for failure to comply with a court order). In this case, it is unclear whether such deferential review is appropriate, because the trial judge's decision was based on an interpretation of orders drafted by a different judge. *See United States v. Spallone*, 399 F.3d 415, 423 (2d Cir. 2005) (holding that when the trial judge did not draft the order at issue, the appellate court "appl[ies] traditional *de novo* review to his interpretation"). We need not wrestle with this issue, however. For the reasons explained below, we hold that the District Court's interpretation of the disputed 1998 Orders cannot survive review under either the *de novo* or abuse of discretion standard.

### III. APPELLATE JURISDICTION

This court has jurisdiction over this appeal, because the 2004 Order denying appellants' request for a status hearing was tantamount to a final judgment on appellants' claims. The District Court's order certainly was not interlocutory. When the court denied appellants' request for a status hearing on the ground that it lacked jurisdiction, it disengaged itself entirely from the case. In the District Court's view, the absence of subject matter jurisdiction meant that the case was over. The order positively confirmed that the District Court had effectively removed the case from its docket, thus making the case ripe for review. *See Catlin v. United States*, 324 U.S. 229, 233 (1945) (holding that appellate review may be had on an order disposing of the case).

In short, there can be no real doubt here that the District Court's action was sufficient to afford this court appellate jurisdiction. *See In re Farmers' Loan & Trust Co.*, 129 U.S. 206, 213 (1889) (holding that orders resolving matters that arise "after a decree which disposes of a principal subject of litigation" "may be appealed" "when they partake of the nature of final decisions"); *accord Jones-El v. Berge*, 374 F.3d 541, 543 (7th Cir. 2004) (to determine whether there is jurisdiction, pursuant to 28 U.S.C. § 1291, "[w]e treat a post-judgment proceeding as if it were a freestanding lawsuit and attempt to identify the final decision in that proceeding"). Appellants filed a timely appeal to contest the District Court's disposition of their retaliation claims, so the case is now properly before this court on review.

### IV. THE MERITS OF APPELLANTS' CLAIMS

Turning to the merits, we hold that appellants' claims were within the jurisdiction of the District Court, because they were filed during the oversight period and were still pending before the trial court when its oversight jurisdiction under the

Agreement expired on December 1, 2002. The District Court erred in ruling otherwise.

The District Court mistakenly concluded that the "[November 1998] Order clearly obligated the Plaintiffs to file a dispositive motion or request a hearing." 2004 Order at 1, *reprinted in* App. 402. The plain text of the orders issued in 1998 is to the contrary. Both orders set a definite time frame for any dispositive motions that *might* be filed. Neither order, however, required dispositive motions to be filed. More critically, while the record shows that the parties and the court contemplated the possibility of a hearing, neither order required plaintiffs to move for a hearing or set a deadline by which a hearing request should be made. And it is quite unremarkable that appellants elected not to file a dispositive motion at the close of discovery, for there is nothing to indicate that appellants had reason to think that their claims could be resolved pursuant to post-discovery motions. A dispositive motion is only proper if it is warranted.

On the record at hand, it is clear that the trial court's November 1998 and December 1998 Orders did not require appellants to file dispositive motions or request a hearing, and they clearly did not set a deadline for requesting a hearing. Appellants' retaliation claims were pending before the District Court at the time when the Agreement expired on December 1, 2002, and they were still pending when appellants filed their motion for a status hearing in April 2004. The District Court, thus, erred in concluding that it lacked jurisdiction to consider plaintiffs' request for a status hearing.

The December 1, 2002 expiration of the court's oversight jurisdiction did not divest the District Court of jurisdiction over *pending* claims. The duration of the District Court's jurisdiction was defined by the language of the Agreement. *EEOC v. Local 40, Int'l Ass'n of Bridge Workers,* 76 F.3d 76, 79-80 (2d Cir. 1996) (holding that the language of a consent decree, as the

agreement of the parties, defines the court's jurisdiction); *see Pigford v. Veneman*, 292 F.3d 918, 925 (D.C. Cir. 2002) ("[T]he district court's interpretive and enforcement authority depends on the terms of the decree . . . ."). There is no doubt that, under the parties' Agreement, no *new* retaliation claims could be filed after the expiration date of the Agreement. But the Agreement cannot plausibly be construed to mean that *pending* claims must be dismissed for lack of jurisdiction if those claims remain unresolved when the Agreement expires. *Thomason v. Russell Corp.*, 132 F.3d 632, 634 (11th Cir. 1998) ("Neither the parties in agreeing to the Decree's provisions, nor the district court in approving them, could have intended that the court would be barred from passing on a motion to enforce the Decree simply because the court could not reach a decision until after the Decree's expiration date.").

Indeed, during oral argument, appellee's counsel conceded that, *if* appellants' claims were still "pending" when the District Court denied their motion, then the court undoubtedly had subject matter jurisdiction over those claims. In other words, the Library does not doubt that the District Court retains jurisdiction over claims that were filed within the Agreement's oversight period and were still "pending" when the Agreement expired. Rather, the Library's position here is that appellants' claims were not "pending" on December 1, 2002. We disagree. We hold that appellants' claims *are still "pending"* and awaiting disposition by the District Court.

## V. CONCLUSION

The District Court had jurisdiction to resolve appellants' pending retaliation claims after the expiration of the Agreement. Appellants do not seek to reopen or to extend the District Court's now-expired oversight of the *Cook* settlement. They are not seeking to enforce the Agreement through newly filed actions. Instead, they have asked the District Court to resolve their claims, which were filed in 1997 during the court's

oversight period. The District Court's reasons for ending appellants' post-judgment proceeding were in error. Its order is hereby reversed, and the case is remanded to allow appellants' claims to be addressed and resolved.

*So ordered.*