Notice: This opinion is subject to formal revision before publication in the Federal Reporter or U.S.App.D.C. Reports. Users are requested to notify the Clerk of any formal errors in order that corrections may be made before the bound volumes go to press.

# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Argued January 16, 2007     Decided March 9, 2007

No. 05-5454

VANESSA BAILEY,
APPELLANT

v.

JOHN E. POTTER, POSTMASTER GENERAL OF THE UNITED
STATES POSTAL SERVICE,
APPELLEE

———

Appeal from the United States District Court
for the District of Columbia
(No. 98cv02224)

———

*Michael J. Kator* argued the cause and filed the briefs for appellant. *Irving Kator* entered an appearance.

*Heather Graham-Oliver*, Assistant U.S. Attorney, argued the cause for appellee. With her on the brief were *Jeffrey A. Taylor*, U.S. Attorney, and *Michael J. Ryan*, Assistant U.S. Attorney. *R. Craig Lawrence*, Assistant U.S. Attorney, entered an appearance.

Before: ROGERS, GARLAND and BROWN, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* ROGERS.

ROGERS, *Circuit Judge*: This is an appeal from the denial, for lack of subject matter jurisdiction, of motions to enforce a settlement agreement. We hold that because the district court did not dismiss the underlying complaint in accordance with FED. R. CIV. P. 58(a), the district court retained jurisdiction over the motions to enforce the settlement agreement. Accordingly, we reverse and remand the case to the district court.

**I.**

On September 17, 1998, Vanessa Bailey sued the Postal Service pursuant to Title VII of the Civil Rights Act of 1974, 42 U.S.C. §§ 2000e, and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, alleging discrimination based on race, sex, and psychological handicap. On July 9, 2001, during jury selection, the parties informed the district court that they had settled their dispute. Under the terms of the settlement, the Postal Service would pay Bailey $285,000 and Bailey would resign from her position with the Postal Service within 60 days. The district court accepted the settlement terms and stated: "The terms of the settlement agreement have been put forward on the record, the offer and acceptance. With that, the case will be dismissed." No separate order dismissing the case, however, was ever filed and entered on the docket.

On September 28, 2001, Bailey filed a motion for enforcement of the settlement agreement. The district court referred the motion to a magistrate judge on January 30, 2002. After various proceedings before the magistrate judge, he referred the case to mediation, which failed. On September 26, 2005, after four years had passed, the district court ruled, *sua*

*sponte* without briefing from the parties, that it lacked jurisdiction to enforce the settlement agreement and denied Bailey's (by now several) motions for enforcement. The district court cited *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994), which holds that, at least where settlement was not incorporated into the order of dismissal or there was not an independent statutory basis for jurisdiction, the district courts had no inherent power to enforce a settlement agreement. *Id.* at 381-82. Upon ruling that ancillary jurisdiction would not serve the same purpose, as settlement agreements generally required their own source of jurisdiction, the district court suggested that Bailey might invoke diversity jurisdiction and move for reconsideration or seek relief in the District of Columbia courts. Again, no separate order dismissing the case was filed and entered on the docket. Bailey appeals and our review is *de novo*. *See Loughlin v. United States*, 393 F.3d 155, 162 (D.C. Cir. 2004).

## II.

This court has jurisdiction, under 28 U.S.C. § 1291, of "all final decisions of the district courts of the United States." 28 U.S.C. § 1291. For a decision to be "final," Rule 58(a)(1) requires that "[e]very judgment and amended judgment must be set forth on a separate document." By requiring the filing and entry on the docket of a separate document, Rule 58(a) is designed to provide clear, automatic notice to litigants of when final judgment has been entered and the period to appeal has begun to run. *Bankers Trust Co. v. Mallis*, 435 U.S. 381, 384-85 (1978). It is to be "interpreted to prevent loss of the right of appeal, not to facilitate loss." *Id.* at 386. Where the court would have jurisdiction of an appeal once a Rule 58(a) document was filed and entered, a remand would be a pointless exercise in which "[w]heels would spin for no practical purpose." *Pack v. Burns Int'l Security Serv.*, 130 F.3d 1071, 1072 (D.C. Cir.

1997); *see United States v. Haynes*, 158 F.3d 1327, 1330 (D.C. Cir. 1998).

Although the district court did not file and enter a separate order of dismissal pursuant to Rule 58(a), this appeal is not premature. The order of September 26, 2005 denying Bailey's motion for enforcement of the settlement agreement was tantamount to a final judgment on her claims. The facts in the instant case closely track those in *Nix v. Billington*, 448 F.3d 411 (D.C. Cir. 2006). *Nix* also involved a Title VII claim. There, the district court denied the plaintiff's request for a status hearing on the remaining retaliation claims on the ground that it lacked subject matter jurisdiction. This court held that because the district court, in denying a status conference for lack of jurisdiction, "disengaged itself entirely from the case," *id.* at 415, its disengagement was "tantamount to a final judgment on [the plaintiff's] claims." *Id.* So too here. The record indicates that the district court denied Bailey's motions to enforce the settlement agreement because it believed that it had, after accepting the terms of the parties' settlement, previously dismissed her complaint, and that the only thing that remained of Bailey's case were her motions for enforcement. In denying the motions on subject matter jurisdiction grounds, the district court disengaged itself from her case and, as in *Nix*, its disengagement was "tantamount to a final judgment on [Bailey's] claims." *Id.*

In fact, Bailey's Title VII claims were still pending before the district court on September 26, 2005. Although the district court stated on July 9, 2001, upon learning of the parties' settlement agreement, "[w]ith that, the case will be dismissed," no separate order of dismissal was ever filed and entered on the docket. Because the district court did not issue the appropriate order pursuant to Rule 58(a) dismissing the complaint, it continued to have jurisdiction over Bailey's case. *Cf. Shaffer v.*

*Veneman*, 325 F.3d 370, 374 (D.C. Cir. 2003); *Reed v. United States*, 891 F.2d 878, 880 (11th Cir. 1990).  The district court's reliance on *Kokkonen* was therefore misplaced and we need not address Bailey's alternative argument that the district court erred because there was an independent statutory basis for jurisdiction under 39 U.S.C. § 409 (suits by and against the Postal Service).

Because a Rule 58 order of dismissal was never filed and entered on the docket pursuant to FED. R. CIV P. 79  to indicate the case had been dismissed, Bailey's time to appeal never commenced to run and her appeal is timely.[1] The relevant entry on the docket referred only to the fact that the case had settled before selection of the jury and that the jury pool was discharged.  Accordingly, we reverse and remand the case to the district court.

---

[1]  The 2002 amendment to Rule 58 (at (b)(2)(B), providing a judgment is entered when 150 days have run from the entry in the civil docket under Rule 79(a)), took effect after the relevant time period in this matter and would not affect Bailey's appeal in any event because no civil docket entry was made noting the dismissal of her case.