# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued March 11, 2008        Decided March 28, 2008

No. 07-5182

J. B. FLOYD, ET AL.,
APPELLEES

ROY D. NEDROW,
APPELLANT

v.

HENRY M. PAULSON, JR. AND
DISTRICT OF COLUMBIA,
APPELLEES

Appeal from the United States District Court
for the District of Columbia
(No. 98cv00670)

*John V. Berry* argued the cause for appellant. With him on the briefs was *Cristina Bull Wallace*.

*Robert D. Kamenshine*, Attorney, U.S. Department of Justice, argued the cause for appellee Henry M. Paulson, Jr. With him on the brief were *Jeffrey S. Bucholtz*, Acting Assistant Attorney General, and *William Kanter*, Deputy Director.

Before:  GINSBURG, HENDERSON, and RANDOLPH, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* RANDOLPH.

RANDOLPH, *Circuit Judge*: Roy D. Nedrow, a former criminal investigator with the United States Secret Service, receives retirement benefits under the District of Columbia Police and Firefighters Retirement and Disability Act ("Retirement Act"), D.C. CODE § 5-701 *et seq.*  The Retirement Act adjusts a retiree's annuity by any "increase in salary . . . to which he would be entitled if he were in active service" when the increase took effect.  *Id.* § 5-745(c).  After Nedrow retired, Congress enacted the Law Enforcement Availability Pay (LEAP) Act of 1994, 5 U.S.C. § 5545a, which provided "availability pay" to criminal investigators.  Availability pay increases a criminal investigator's basic pay by twenty-five percent.  *Id.* § 5545a(h)(1).  When the Department of the Treasury denied that availability pay constituted an "increase in salary" under the Retirement Act, approximately 550 former Secret Service criminal investigators (including Nedrow) sought review in the district court under the Administrative Procedure Act.  Judge Sporkin found for the plaintiffs and ordered the Treasury Department and the District of Columbia[1] to "incorporate availability pay under the [LEAP Act] in calculation of plaintiffs' annuity payments in accordance with the [Retirement Act]." *Floyd v. Rubin*, 46 F. Supp. 2d 8, 13 (D.D.C. 1999) ("*Floyd I*").  Neither the Treasury Department nor the District appealed.  When Nedrow's annuity did not increase, he filed a motion to enforce the judgment. Judge

---

[1]The District of Columbia is a conduit for the retirement benefits, which the federal government funds.  Because the District has no stake in the matter, it took no position on the issues raised in this appeal.

Robertson, to whom the case had been transferred, denied the motion. We affirm.

Seven months before he retired, Nedrow joined the Senior Executive Service. For that reason he was not entitled to an increased annuity. Only those who, at the time of their retirement, were criminal investigators are eligible under the LEAP Act. As Judge Robertson concluded, "a criminal investigator is a 'law enforcement officer as defined under [5 U.S.C.] § 5541(3),' § 5545a(2); a 'law enforcement officer' is an 'employee', § 5541(3); and 'employee' is defined to exclude members of the Senior Executive Service. § 5541(2)(C)(xvi)." *Floyd v. Rubin*, No. 98-0670, slip op. at 2 (D.D.C. Apr. 17, 2007) (order denying motion to enforce judgment) ("*Floyd II*").

Nedrow thinks he is nevertheless entitled to availability pay because he was a named plaintiff in the case. As he puts it, the "defendants had the option to appeal the *Floyd* decision but chose not to challenge it. Thus, the defendants waived their right to challenge the *Floyd* decision with respect to any of the plaintiffs." Nedrow points out that Judge Sporkin, in his memorandum opinion, stated that availability pay "is an across-the-board increase in hours and pay for all Secret Service criminal investigators to which all plaintiffs would be entitled," *Floyd I*, 46 F. Supp. 2d at 11-12, and that "[p]laintiffs . . . clearly merit the inclusion of LEAP pay in the calculation of their retirement annuities," *id.* at 13.[2]

---

[2]Nedrow does not rely on the pleadings. One paragraph of the complaint alleged that "[a]ll plaintiff 'members' were employed by the United States Secret Service . . . as criminal investigators at the time of their retirement." The Treasury Department answered: "This paragraph contains plaintiffs' legal conclusions, to which no response is required; if a response is required, admitted." But in response to another paragraph alleging that "[e]ach plaintiff, at the time of his/her

In denying Nedrow's motion to enforce the judgment, Judge Robertson relied upon the order's direction that defendants "incorporate availability pay under the [LEAP Act] in calculation of plaintiffs' annuity payments in accordance with the [Retirement Act]." *Floyd II* at 2 (quoting *Floyd I*, 46 F. Supp. 2d at 13). Judge Robertson held that in light of this language, the order did not entitle Nedrow to availability pay: "The [Retirement Act] turns upon what a retired individual would be entitled to 'if he were in active service.' When Nedrow was in active service, as of the date of his retirement, he was a member of the [Senior Executive Service] and ineligible for [availability pay]." *Id.* at 2-3.

We agree with Judge Robertson's interpretation of the order.[3] Judge Sporkin did not find Nedrow to be eligible for availability pay. There were no evidentiary findings to this effect. Plaintiffs brought the case pursuant to the Administrative Procedure Act, seeking judicial review of informal agency action – the Treasury Department's decision that retired Secret Service criminal investigators were not entitled to availability pay. Judge Sporkin did not purport to decide the factual question whether each of the 550 plaintiffs met the requirements of the LEAP Act. His "focal point for judicial review" was "the administrative record already in existence, not some new record made initially in the reviewing court." *Camp v. Pitts*, 411 U.S.

retirement, met the conditions set forth in [the LEAP Act] for payment of [availability] pay," the Treasury Department answered: "This paragraph contains plaintiffs' legal conclusions, to which no response is required; if a response is required, denied."

[3]It is an open question whether we should review de novo or for abuse of discretion one district court judge's interpretation of another district court judge's order. *Nix v. Billington*, 448 F.3d 411, 414-15 (D.C. Cir. 2006). Because Judge Robertson's order survives review under either standard, we do not reach the issue.

138, 142 (1973). We may assume that Judge Sporkin found at least one of the 550 plaintiffs to be eligible under the LEAP Act. But that implicit finding, along with the allegations in the complaint, went only to the question of Article III standing. Given the language of his order and the nature of the case, Judge Sporkin did not decide that Nedrow was entitled to an increase in his annuity. Enforcing that order therefore would have booted Nedrow nothing. *See Heartland Reg'l Med. Ctr. v. Leavitt*, 415 F.3d 24, 29 (D.C. Cir. 2005).

*Affirmed.*