ALD-235                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1112
_____

HENRY WASHINGTON

v.

SUPERINTENDENT EDWARD KLEM; DEPUTY SUPT. JOSEPH PIAZZA;
JOHN MACK, Programs Coordinator; SGT. DOUGHERTY,
Property Room Supervisor; JEFFREY BEARD, PH.D.; RAYMOND LAWLER

Henry Unsled Washington,
                                                        Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 01-cv-02432)
District Judge:  Honorable John E. Jones, III

_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect and
Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 1, 2010
Before:   SLOVITER, AMBRO AND SMITH, Circuit Judges

(Opinion filed:  July 19, 2010)
_____

OPINION
_____

PER CURIAM

1

In 2001, Henry Washington, a prisoner in Pennsylvania, filed a complaint in the District Court alleging that he was unconstitutionally deprived of access to religious materials. The District Court appointed counsel and, in 2009, the parties entered into a settlement agreement. Nearly three months later, Washington filed a *pro se* motion to enforce the settlement agreement, a motion to appoint counsel, and a motion to testify before the District Court regarding the allegations in his motion to enforce. On November 13, 2009, the District Court denied all three motions in one order. Washington filed a notice of appeal on December 31, 2009.[1]

I

We have jurisdiction pursuant to 28 U.S.C. § 1291.[2] We may affirm on any grounds supported by the record, see Hughes v. Long, 242 F.3d 121, 122 n.1 (3d Cir. 2001), and may

---

[1] The notice of appeal was entered on the District Court's docket on December 31. Washington dated the notice December 28, 2009. As explained below, regardless of which date applies, the notice was timely.

[2] Although Washington's notice of appeal was filed more than 30 days after the District Court's order, his notice is timely under Federal Rule of Civil Procedure 58. Rule 58(a) generally requires that "[e]very judgment . . . be set out in a separate document." Rule 58 applies to an order denying a motion to enforce a settlement agreement. See, e.g., Bailey v. Potter, 478 F.3d 409, 411-12 (D.C. Cir. 2007); Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc., 435 F.3d 51, 53-54 (1st Cir. 2006). If a district court does not enter judgment on a separate document, the judgment is deemed "entered," for purposes of Federal Rule of Appellate Procedure 4(a), on the date when "150 days have run from entry of the order in the civil docket." Fed. R. App. P. 4(a)(7)(A)(ii). Here, the District Court's order is not separate from its reasoning denying Washington's motions. It therefore fails to satisfy the separate document requirement, see In re: Cendant Corp., 454 F.3d 235, 241 (3d Cir. 2006), and the time for Washington to appeal did not begin to run until 150 days after the order was entered. His December 2009 notice of appeal clearly fell within that period.

summarily affirm if Washington does not raise a substantial question on appeal. See 3d Cir. LAR 27.4; 3d Cir. IOP 10.6. We review the District Court's denial of a motion to enforce a settlement agreement without a hearing *de novo*. See Tiernan v. Devoe, 923 F.2d 1024, 1031-32 & n.5 (3d Cir. 1991) (likening a motion to enforce settlement agreement to a motion for summary judgment, and applying the same standard). We review the District Court's decision to not appoint counsel for abuse of discretion. See Tabron v. Grace, 6 F.3d 147, 155 & n.4 (3d Cir. 1993).

In denying the motion to enforce the settlement agreement, the District Court noted that Washington failed to comply with two orders requiring him to file a brief in support of his allegations that the settlement agreement was not being honored. The first order, filed less than three weeks after Washington's motion, instructed him to file a brief in support of the motion. The second order, filed nearly four months later, set a briefing schedule. On appeal, Washington argues that the District Court should not have denied his motion because he did not receive the order containing the briefing schedule. However, he has not alleged that he was unaware of the District Court's initial requirement that he file a supporting document expounding on his reasons for seeking enforcement, and given the vague assertions in his motion,[3] we think the District Court reasonably requested a more detailed

---

[3] Although his motion to enforce the agreement was 15 pages long, only one paragraph made any direct reference to how the settlement agreement was being violated, and it did not provide a clear explanation. The remainder of the motion alleged that, at times before and after the settlement agreement, prison staff retaliated against Washington because of his lawsuit.

3

explanation.

In denying Washington's motion to testify, the District Court reasoned that because it denied the motion to enforce, the motion to provide supporting testimony was moot. We agree.

Finally, because Washington failed to explain why the District Court should grant his motion to enforce, the Court did not abuse its discretion in denying his motion for appointment of counsel. See Tabron, 6 F.3d at 155.

Accordingly, we will affirm the judgment of the District Court. Washington's "Motion for Written Argument in Opposition to Dismissal of the Appeal for Lack of Appellate Jurisdiction" and "Motion to Reopen the Time to File an Appeal" are denied as moot. Washington's "Motion for Alternative Dispute Resolution or Conference of Attorneys" is denied.