Howard BLOOMGARDEN, Plaintiff,

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Defendant.**

Civil Action No. 12–0843 (ESH)

United States District Court, District of Columbia.

Signed 08/12/2016

Jack Earley, Additional Service for plaintiff, Irvine, CA, Scott Allan Hodes, Scott A. Hodes, Attorney at Law, Washington, DC, Howard Walton Anderson, III, Law Office of Howard W. Anderson, III, Clemson, SC, Torrence E. S. Lewis, Law Office of Torrence E. S. Lewis, Pittsburgh, PA, for Plaintiff.

Michael Benjamin Posner, Caitlin O'Leary Trujillo, U.S. Attorney's Office, Washington, DC, for Defendant.

## ORDER

ELLEN SEGAL HUVELLE, United States District Judge

Before the Court is plaintiff's motion to alter judgment [ECF No. 137], in which he argues that the Court's July 19, 2016 Order dismissing the case failed to satisfy Rule 58(a)'s "separate document" requirement. *See* Fed. R. Civ. P. 58(a) ("Every judgment and amended judgment must be set out in a separate document . . . ."). Because that Order disposed of the parties' cross-motions for summary judgment in addition to dismissing the case with prejudice (*see* July 19, 2016 Order [ECF No. 135] ), plaintiff argues that it impermissibly combined the Court's judgment with an extraneous order. (*See* Pl.'s Mot. at 1.) Plaintiff misapprehends the relevant "separat[ion]" required by Rule 58(a), and therefore his motion will be denied.

There is no question that the Order dismissing the case was both final and appealable, and thus it constitutes a "judgment" under Rule 58. *See* Fed. R. Civ. P. 54(a) (" 'Judgment' as used in these rules includes . . . any order from which an appeal lies."); *see also Mobley v. CIA*, 806 F.3d 568, 575,

579 (D.C. Cir. 2015) (referring to a "final and appealable Order" as a "Rule 58(a) order," even though it was not labeled "judgment"). By the same token, the Court's interlocutory Orders granting or denying plaintiff relief (*see* Nov. 4, 2015 Minute Order; Jan. 5, 2016 Order [ECF No. 100]; Feb. 5, 2016 Order [ECF No. 107]; Feb. 17, 2016 Order [ECF No. 110] ) became final and appealable upon the entry of judgment on July 19, 2016. *See* Fed. R. Civ. P. 54(b) (interlocutory orders "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities"). Plaintiff argues that this judgment was required to be entered in a separate document, but that begs the question of what it must be entered separately from—the Court's Memorandum Opinion discussing its disposition of the parties' cross-motions [ECF No. 134], or the Order that actually disposed of those motions [ECF No. 135].

The D.C. Circuit has made crystal-clear that it is the former: the order of dismissal must be entered separately from the opinion, avoiding "the inclusion of legal reasoning and authority [that would make] an order into a combined decision and order." *See Kidd v. Dist. of Columbia*, 206 F.3d 35, 39 (D.C. Cir. 2000) (quoting *Diamond v. McKenzie*, 770 F.2d 225, 230 n.10 (D.C. Cir. 1985)); *see also* Notes on Advisory Committee on Rule—1963 Amendment, Fed. R. Civ. P. 58 ("The amended rule eliminates these uncertainties by requiring that there be a judgment set out on a separate document—*distinct from any opinion or memorandum*—which provides the basis for the entry of judgment.") (emphasis added). An order that merely disposes of remaining motions and dismisses the case thus satisfies Rule 58's "separate document" requirement. *See Kidd*, 206 F.3d at 365–66 (order disposing of remaining motions satisfied Rule 58(a), even though it was not labeled "judgment," did not expressly dismiss case, and included an explanatory sentence); *Mobley*, 806 F.3d at 575, 583 (order disposing of remaining motions labeled "final and appealable" constituted a "Rule 58(a) order"). Because the Court's July 19th Order did not contain any legal authority or reasoning, and because it was entered in a separate document from the related Memorandum Opinion, Rule 58(a) was satisfied.

In conclusion, it is worth noting that this result is consistent with Rule 58(a)'s rationale, "to provide clear, automatic notice to litigants of when final judgment has been entered and the period to appeal has begun to run." *See Bailey v. Potter*, 478 F.3d 409, 411 (D.C. Cir. 2007). The Order stated clearly that the "above-captioned case is hereby **DISMISSED WITH PREJUDICE**" (*see* July 19, 2016 Order), giving plaintiff ample notice that his time to appeal had begun to run. And to the extent that he would have preferred the judgment to restate the relief that the Court granted in earlier proceedings—*i.e.*, the Bates numbers of documents that DOJ has long since produced to plaintiff—Rule 54(a) precludes such a restatement. *See* Fed. R. Civ. P. 54(a) ("A judgment should not include . . . a record of prior proceedings."). As noted, those orders clearly stated his entitlement to certain relief, and they became final and appealable upon entry of judgment on July 19, 2016. Therefore, it is hereby

**ORDERED** that plaintiff's motion to alter judgment is **DENIED**.